Messer v. Wildman.

---

ELIAS MESSER vs. ALEXANDER WILDMAN AND OTHERS.

An alteration of a public street in a borough was laid out by the authorities of the borough, and an appeal was taken by one of the land owners for a re-assessment of his damages. While this appeal was pending the borough voted to accept the lay-out of the alteration. Held that its action was not invalidated by the pendency of the appeal, and that by its acceptance the alteration became legally established.

[Argued November 4th—decided November 13th, 1885.]

ACTION for wrongfully entering upon the plaintiff's land and removing fences thereon; brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas. The defense was that the land upon which the defendants entered was a legal highway of the borough of Danbury, and that the fences removed were obstructions which the plaintiff had placed across a part of the highway and which the borough had voted to have removed; and that the acts of the defendants were done by order of the warden and burgesses of the borough. The case was tried to the jury before Hall, J. Verdict for the defendants, and appeal by the plaintiff. The case is sufficiently stated in the opinion.

*W. F. Taylor* and *H. W. Taylor*, for the appellant.

*L. D. Brewster*, for the appellees.

PARK, C. J. It appears in this case that the *locus in quo* lies within the limits of a lay-out by the warden and burgesses of the borough of Danbury of an alteration of White and Canal streets within the borough; which alteration was subsequently formally accepted by the borough, at a special meeting duly warned and held.

All this was done previously to the commission of the acts complained of by the plaintiff; and the only question is—did the lay-out and its acceptance constitute the alteration a part of the public streets. If it did, then the plaintiff has no cause to complain, and the court below committed no error in so holding; if it did not, then there is error, and the judgment must be reversed.

It appears that the warden and burgesses appraised no damages for the lands taken for the alteration, on the ground that the benefits resulting to the owners respectively would be greater than their damages; and that one of the owners had appealed to a judge of the Superior Court for a reassessment of his damages; which appeal was pending when the acts were committed of which the plaintiff complains.

The plaintiff insists that the appeal stayed all proceedings till it should be determined, and that therefore the action of the borough in accepting the lay-out of the alteration was void.

There is nothing substantial in this claim. The appeal called in question only the damages of the appellant. Whether those damages were one sum or another, was a matter that the plaintiff and all others had no concern with.

It is true that the inhabitants of the borough might have delayed their action in accepting the lay-out till the appeal had been determined, had they felt so disposed. But they saw fit to accept it during its pendency; and they were bound by this action, as much as they would have been had they waited for the determination of the appeal; the only

difference being that, up to the acceptance, the borough could have abandoned the attempted improvement, which afterwards was not in their power, and therefore they would have had a longer time for consideration of the question of abandonment in one case than in the other.

But it is said that the plaintiff, like the others, was assessed no damages on the ground that his benefits from the alteration would be greater than his damages, and that such benefit could result only from the whole alteration being made.

This is true. But the appeal does not, and could not, prevent the whole alteration from being made. It only calls in question the appellant's damages, as we have seen. The borough is now bound to make the alteration, whether the appellant's damages are one sum or another.

The remaining points made by the plaintiff are clearly untenable, and require no discussion.

There is no error in the judgment.

In this opinion the other judges concurred.