STEPHEN ROPER *vs.* THE CITY OF NEW BRITAIN.

First Judicial District, Hartford, March Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under the provisions of the charter of the city of New Britain (10 Special Laws, pp. 133-136), the pendency of an appeal from an assessment of damages and benefits caused by the layout of a highway, taken by certain landowners, does not prevent another landowner who is not a party to such appeal and whose land has been actually taken and used for highway purposes, from 'suing the city and recovering the damages awarded to him.

The amount recoverable in such an action is the full sum awarded as damages, and not such sum less the amount assessed against the plaintiff as benefits.

[Argued March 2d—decided March 24th, 1898.]

ACTION to recover damages for a taking by the defendant of plaintiff's land for highway purposes, brought to the

Superior Court in Hartford County and tried to the court, *Prentice, J.,* upon the defendant's demurrer to the plaintiff's reply; the court overruled the demurrer and subsequently rendered judgment (*Shumway, J.*) for the plaintiff, from which the defendant appealed for alleged errors in the rulings of the court. *No error.*

The original complaint was as follows : " 1. On and before May 1st, 1895, the plaintiff was the owner in possession of a certain parcel of land situated in said town, within the limits of said city of New Britain (describing same). 2. On and before said 1st day of May, 1895, the defendant laid out a highway or public street across said land and appropriated for public use a portion of said land (describing portion appropriated). 3. On and before the 1st day of May, 1895, the defendant took and had such proceedings pursuant to its charter and the laws of this State, that it ascertained the amount of damages to the plaintiff on account of laying out said street and taking said land, to be $1,075, and the benefits therefrom to be $75, and the just compensation to the plaintiff to be $1,000. 4. On or about the 1st day of May, 1895, the defendant entered on said land against the remonstrance of the plaintiff, tore down the fences, cut down his fruit trees, destroyed his well, dug up the soil and constructed said street, and thereafter opened the same to public travel, and ever since has continued to use the same as a public street. 5. The defendant, though often requested and demanded, has never paid the plaintiff any part of said damages, so as aforesaid ascertained by said defendant, and has not made just compensation or any compensation to the plaintiff on account of the taking and damaging of his property for the purpose of said street, and neglects and refuses to make any appropriation or lay any tax for the purpose of providing for the payment of his damages or just compensation."

The complaint was afterwards amended by striking out paragraph 3, and inserting the following in place thereof : " 3. The board of street commissioners of said city, after due notice and hearing as prescribed by its charter, pro-

ceeded to assess all betterments and benefits, and to appraise all damages, for the laying out of said street or highway and taking said land and other lands covered by said layout, for public use, and prior to the 20th day of March, 1895, said board appraised the damages to the plaintiff on account of said layout and taking, at $1,075, and assessed benefits against him on account of said layout and taking, at $75, and no more. 3a. Prior to the 20th day of March, 1895, said board of street commissioners made their report of their doings to the common council of said city. 3b. On the 20th day of March, 1895, said common council accepted and adopted said report. 3c. The clerk of said common council recorded said report in the records of the common council, and said common council caused a notice signed by its clerk, containing the names of the persons thus assessed, with the amounts of their respective assessments, to be published twice in a newspaper published in said city of New Britain, to wit, on the 21st and 22d days of March, 1895."

One of the answers of the defendant, entitled " Second Defense," which admitted the truth of paragraphs, 1, 2, 3, 3a, 3b and 3c of the complaint, proceeded (after amendment), as follows : " 4. Within ten days after the notice of the appraisal of damages and assessment of benefits had been given, as stated in paragraph 3c of the amendment of the complaint, Thomas C. Smith and others, not including the plaintiff, being the owners of land taken for the highway referred to in paragraph 2 of the original complaint, and claiming to be aggrieved by the estimate of the board of street commissioners of their damages caused by the layout of said highway, and by the assessment of benefits consequent thereon, applied by petition to David S. Calhoun, a judge of the Court of Common Pleas for Hartford County, for a re-assessment of their damages and a re-assessment of their benefits, in accordance with the provisions of the charter of the city of New Britain relating to appeals in such cases. 5. Said appeals by Thomas C. Smith and others were taken from the appraisal of damages and assessment of benefits to them, on account of the layout and construction of said highway, in

accordance with the provisions of the charter of said city. 6. Said appellants in said appeal prayed that said judge of the Court of Common Pleas should reduce the assessment of special benefits, and should increase the appraisal of damages made to them, the said appellants. 7. (Stricken out by amendment.) 8. Said appeals are now pending. 9. By the provisions of said charter, if, upon the hearing of said appeals, said judge, or a committee appointed by him, shall find cause to alter the appraisal of damages or the assessment of benefits, or both, from which appraisal or assessment, or both, an appeal may have been taken, it will be the duty of said judge or committee to re-assess the whole amount of the damages or costs of construction of said highway, or both, upon the persons or land specially benefited, of whom the plaintiff is one. 10. By reason of said appeals, the amount to be paid by said city to this plaintiff, by reason of the lay-out and construction of said street and the taking of the plaintiff's land, is liable to be changed and altered, and the amount to be finally paid to him upon the determination of said appeals is now uncertain. 11. By reason of said appeals, the amount of compensation—*i. e.*, the excess of damages over benefits to be paid the defendant, if any—has not been ascertained, and the action taken by the city, as set out in paragraphs 2, 3, 3a, 3b and 3c of the complaint, was only a preliminary step towards such ascertainment, so that there is nothing yet due to the plaintiff by virtue of said proceedings."

To said " Second Defense " the plaintiff demurred, upon the ground set forth in such demurrer, as follows : " In lack of any allegation of an appeal on the part of the plaintiff, of the nature of those alleged in said answer to have been taken by Thomas C. Smith and others, or of any allegation of an appeal from the appraisal of damages to this plaintiff, there are no matters of fact alleged in said defenses, which, under the charter of the city of New Britain, or otherwise, by law operate to vary or suspend the right of the plaintiff to maintain this action, especially since the city, after said appeals were taken, has entered on said land, constructed a street

thereon and opened the same as a public highway, and maintains the same as such." The court sustained said demurrer.

Upon the final hearing before the court the plaintiff claimed that upon the pleadings, judgment should be rendered in his favor for the full amount of damages appraised to him, to wit, $1,075, with interest from May 6th, 1895. The defendant claimed that if the plaintiff was entitled to judgment for damages, it should be for only $1,000, with interest from said date; namely, for the amount of damages, $1,075, appraised to the plaintiff, less the benefits, $75, assessed upon the plaintiff. The court sustained the plaintiff's claim and rendered judgment for $1,075 and interest.

*Frank L. Hungerford*, with whom was *William C. Hungerford*, for the appellant (defendant).

*John Coats*, for the appellee (plaintiff).

HALL, J. The city of New Britain, in accordance with the provisions of its charter, laid out a highway over the plaintiff's land. Damages and benefits were duly assessed by the board of street commissioners, and the notice containing the names of the persons assessed and the amount of their respective assessments, was published as required by § 50 of the charter, on the 21st and 22d of March, 1895.

Within ten days after said last date, Thomas C. Smith and others, as alleged in paragraph four of the defendant's second defense, appealed from the assessment of benefits and the appraisal of damages, so made to them, which appeal is still pending. The plaintiff's damages were appraised at $1,075, and he was assessed $75 as benefits. He has taken no appeal. In May, 1895, and while said appeal of Smith and others was pending, the defendant, without having paid to the plaintiff his damages, entered upon his land, constructed said highway and opened the same as a public street, and it has ever since been so used.

The present suit is not an action of trespass, and has not been so regarded by counsel for either plaintiff or defendant.

The plaintiff claims that it is an action to recover the entire sum of $1,075 awarded him as damages ; while the defendant claims that from the allegations of the complaint it should be held to be a suit to recover only the excess of the damages over the benefits.

There are but two contested questions presented : First, is the plaintiff barred from recovering judgment in this action by the pendency of the appeal of Smith and others.   Second, if the plaintiff may recover, should the judgment be for the full sum awarded him as damages, with interest, or for said sum less the amount assessed as benefits, with interest.

The defendant maintains that the plaintiff cannot recover judgment until the amount due him from the city has been finally fixed, in the manner provided by the charter ; and that so long as said appeal is pending that amount is uncertain, because by that appeal the sum awarded the plaintiff as damages may be either directly reduced, or diminished indirectly by an increase of the amount assessed to the plaintiff as benefits.

The sum of $75 assessed as benefits to the plaintiff, is not intended, under the defendant's charter, to measure the actual benefit derived by the plaintiff from the opening of the highway.   It represents that part of the whole expense of the public work which he, as one specially benefited, is required to bear.   The manner of making the assessment of such so-called benefits, is described in § 50 of the charter (10 Special Laws, 133, 134).   The board of street commissioners having heard all parties interested, adds to the estimated cost of constructing and completing the highway, the amount of damage which will result to all persons whose land must be taken, and apportions the payment of the whole or a part of that sum, among those who will be specially benefited by such public work.   It follows, therefore, that if it should be found upon the appeal of Smith and others, either that the benefits assessed by the board of street commissioners to either of the appellants are disproportionately large, or that the damages appraised to either of them are too small, it may become necessary to re-apportion the entire expense

of the highway among those specially benefited, or, in the words of § 57 of the charter, "to re-assess the whole amount of the damages or cost of construction, or both, upon the persons or land specially benefited." Such re-assessment may increase the amount to be paid by the plaintiff to the city as benefits, and so may diminish the balance due the plaintiff from the city, if the benefits are to be deducted from the damages as appraised.

It does not occur to us that the interests of the plaintiff, or the relative obligations of the plaintiff and defendant to each other, can in any other respect be affected. Clearly, the question of the amount of the plaintiff's damages cannot be considered in the appeal of Smith and others. The plaintiff is not a party to that appeal, nor does the charter provide that he may become a party. Not until the appellate tribunal has found cause to alter the assessment or appraisal of some of the appellants, as made by the board of street commissioners, so that a re-apportionment of the expense, among those specially benefited is required, can the plaintiff and other persons interested be made parties to the proceeding, under § 58 of the charter. They are then made parties that they may be heard upon such re-apportionment of the expense, and for no other purpose.

The plaintiff's right to recover compensation for the land taken from him by the city, is not suspended during the pendency of this appeal, because a possible result of such appeal is an increase of the amount of benefits assessed to the plaintiff. The sum which the city must pay to the plaintiff, as damages for having taken his land, is in nowise dependent upon the amount which may be finally fixed as the just portion of the expense of the public improvement to be paid by the plaintiff. Adequate means are furnished the city to secure and collect such assessments of benefits, by §§ 53 and 54 of the charter. They are liens upon the land upon which they are made, taking precedence of all other liens or incumbrances, excepting taxes due the State, and may be foreclosed as mortgages. The assessments may also be collected by warrant in the same manner as town taxes. The amount

of the appraisal of damages to the plaintiff was due and payable, notwithstanding the pendency of the appeal in question.

No appeal having been taken by the plaintiff, and no appeal having been taken by any person which could result in changing the appraisal of damages to the plaintiff, the common council after having accepted and adopted the report of the board of street commissioners and given the required public notice, should have ordered to be paid to the plaintiff the amount of his damage as assessed and determined, and upon his refusal or neglect to receive the same, the amount so due him should have been deposited in the city treasury to be paid to him when he should apply for it. The action of the common council in accepting and adopting the report of the street commissioners was not affected by the subsequent appeal of Smith and others. *Messer* v. *Wildman*, 53 Conn. 494. Under the circumstances of this case the city had no right to enter upon the plaintiff's land and appropriate it to the public use, against the will of the plaintiff, until his damages were either paid or deposited in the city treasury.

If facts might exist which would justify the city in delaying the payment of such assessments of damages, after having adopted the report of the board of street commissioners, they are not found in the present case. The plaintiff's land was entered upon and taken by the defendant for a public street, after the appeal of Smith and others was taken, and while that appeal was pending the defendant constructed the street over the plaintiff's land, and it has ever since been used as a public street. By so taking the plaintiff's property the city has accepted and affirmed the assessment of damages made to the plaintiff by the street commissioners, as final. As the city, under the provisions of its charter, could not take the plaintiff's land against his will and open the same as a public street, without having first paid to him or provided for the payment to him of the damages so assessed, it is estopped, after having so taken it and after having constructed and opened the public street, from averring that

the damages as appraised to the plaintiff are not due and payable.

The plaintiff was entitled to recover the full amount of his damages as appraised, with interest, as allowed. The $75 assessed as the sum to be paid by the plaintiff as benefits, is subject to change by the re-assessment which may be rendered necessary by the appeal of Smith and others.

But were this not so, the claim of the plaintiff for damages, and that of the city for the assessment of benefits, are so far independent of each other, that the defendant, to have the benefit of its claim in this action, should have pleaded it, either as a set-off or as a counterclaim; unless such pleading was rendered unnecessary by the allegations of the complaint. Under the complaint as originally framed, such pleading would not have been required, as in paragraph three it was distinctly alleged that the just compensation to the plaintiff for the taking of his land had been ascertained to be $1,000. This averment was afterwards stricken out by amendment. The complaint in its present form is for the recovery of the full amount of the damages appraised. To have availed itself in this action of its claim against the plaintiff, the defendant should have pleaded it.

There is no error.

In this opinion the other judges concurred.