## WORTHINGTON v. BEEMAN.

(Circuit Court of Appeals, Seventh Circuit.   January 3, 1899.)

No. 496.

**1. APPEAL—SATISFACTION OF JUDGMENT — SEPARATE JUDGMENTS IN SAME ENTRY.**

Where there are two or more counts in a declaration alleging distinctly different causes of action, there may be more than one final judgment on which writs of error may be taken, and the fact that such distinct judgments are contained in the same entry, and that one in favor of the plain-, tiff on one count has been satisfied, will not prevent his maintaining a writ of error to review another in favor of defendant on different counts to which demurrers were sustained.

**2. SAME—WAIVER OF RIGHT—SATISFACTION OF JUDGMENT.**

A plaintiff, by receiving payment and satisfaction of a judgment in his favor on one count of his declaration, does not waive his right to review on error a separate judgment against him, though contained in the same entry and rendered in the same case, but on different counts of the declaration pleading a separate and distinct cause of action.

**3. CONTRACT—UNCERTAINTY—SUFFICIENCY TO SUPPORT ACTION.**

A contract, though too uncertain in its terms to be specifically enforced in equity, may still be the basis of a remedy at law in favor of a party who has performed either wholly or partially.

**4. SAME.**

A written contract by which defendant gave plaintiff the exclusive sale of a manufactured article in a certain territory during a specified term, and which provided that in case plaintiff succeeded in doing such a business as defendant might "reasonably expect" it should be renewed for a further term, is not so indefinite or uncertain in its terms that it will not support an action for damages for a refusal of defendant to renew at the expiration of the first term, the amount of business which defendant could reasonably expect being a matter which may properly and with sufficient certainty be determined by a jury, to which tribunal the parties by their contract in effect referred it in case of their disagreement.

In Error to the Circuit Court of the United States for the Northern District of Illinois, Northern Division.

This action was brought by Edward E. Worthington, the plaintiff in error, against E. E. Beeman, the defendant in error, and others not served with process, who, it is alleged, had been partners in business at Cleveland, Ohio, under the firm name Beeman Chemical Company, in the manufacture and sale of pepsin gum, and on November 18, 1890, had made to the plaintiff in error a written proposition, which he accepted, to give him the exclusive sale of their products in Chicago, on conditions stated, with a stipulation for renewal in the following words: "This agreement to continue to January 1, 1892, it being understood that you are to push the sale of these goods and do all you can to further our interests, and, should you succeed in doing such a business as we may reasonably expect, then this agreement shall be renewed for two years more." On December 29, 1890, a second agreement was made, whereby the plaintiff in error was given a like agency for one year in territory outside of Chicago. The plaintiff was denied a renewal of the contract of November 18, 1890, and brought the action to recover damages on that account, and also to recover commissions earned and expenses incurred under both contracts while in force. The declaration contains common counts, on which the plaintiff recovered judgment for $700 for commissions and expenses, and special counts for damages on account of the refusal to renew. To these counts demurrers on the general ground of insufficiency were filed, which the court sustained. This ruling was made on November 2, 1896, and on the ensuing 13th by a written stipulation of the parties a jury was waived, and the cause was submitted to the court to be tried on the undisposed-of counts in the

plaintiff's declaration, being the common counts and the general issue by defendant." On the same day a trial was had, and the following entry made of the finding and judgment: "Now, on this day come again the plaintiff and the defendant, E. E. Beeman, by their respective attorneys, and a jury is waived and the cause submitted to the court by their stipulation in writing, to be tried upon the common counts, and the court, upon the issue raised as to what amount, if any, the plaintiff is entitled to recover against said defendant under said common counts, finds the issue for the plaintiff, and assesses his damages at seven hundred dollars, for which sum judgment is entered in favor of the plaintiff and against the defendant, E. E. Beeman, which judgment, having been paid in open court, is now satisfied; and the court, upon the demurrers to the amended counts of plaintiff's declaration, which demurrers have been heretofore sustained, doth give judgment thereon in favor of the defendant, together with his costs, to which judgment in favor of said defendant and against the said plaintiff upon the said demurrers the plaintiff excepts." Error has been assigned upon the sustaining of the demurrers to the special counts of the declaration, and to the entering of judgment in favor of the defendant against the plaintiff upon the demurrer to the special counts of the declaration. A motion has been made to dismiss the writ of error on the two grounds that an inspection of the record shows that the judgment for which the writ is prosecuted has been satisfied of record, and that the plaintiff in error, by electing to take the benefit of the judgment by receiving the sum adjudged in his favor, released any error in the rendition of the judgment. On the question whether the stipulation for the renewal of the contract was binding or was too indefinite to be enforced, the discussion has been elaborate, and numerous authorities have been cited. By the plaintiff in error: Fry, Spec. Perf. (3d Ed.) § 361; Joy v. City of St. Louis, 138 U. S. 1, 11 Sup. Ct. 243; Parker v. Pettit, 43 N. J. Law, 512; Hawkins v. Graham, 149 Mass. 284. 21 N. E. 312; Manufacturing Co. v. Brush, 43 Vt. 528; Daggett v. Johnson, 49 Vt. 345; Folliard v. Wallace, 2 Johns. 395; Boiler Co. v. Garden, 101 N. Y. 387, 4 N. E. 749; Doll v. Noble (N. Y. App.) 22 N. E. 406; Railroad Co. v. Brydon, 65 Md. 198, 3 Atl. 306; Lynn v. Railroad Co., 60 Md. 404; Ex parte White, 14 Q. B. Div. 600; Ex parte Mortimore, 3 De Gex, F. & J. 599; Edgeworth v. Edgeworth, Beat. 328. By the defendant in error: Bish. Cont. p. 120, § 316; 1 Hil. Cont. p. 312, § 11; Pray v. Clark, 113 Mass. 283; Taylor v. Portington, 7 De Gex, M. & G. 328; Davie v. Mining Co., 93 Mich. 492, 53 N. W. 625; Cummer v. Butts, 40 Mich. 322; Cooper v. Hood, 26 Beav. 293; Taylor v. Brewer, 1 Maule & S. 290; Gray v. Wulff, 68 Ill. App. 376.

John S. Cooper, for plaintiff in error.

I. K. Boyesen, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after stating the case, delivered the opinion of the court.

It is urged in behalf of the defendant in error that a judgment at law is an entirety, and therefore a release or satisfaction of record extinguishes every cause of action embraced within it. No case showing an application of the doctrine has been cited. Evidently it is not applicable here. When there are two or more counts in a declaration, alleging distinctly different causes of action, it is apparent that there may be, if the court so pleases, and in conceivable cases perhaps inevitably, more than one final judgment on which a writ of error may be taken. When in fact such distinct judgments are rendered, it cannot be material whether they are shown by separate entries, or one after the other in a single entry. The action in this case was upon two causes, to one of which the common counts were appropriate, and to the other only special counts. The demurrers to the special counts having been sustained, a trial, limited by express agreement to the

issue joined on the common counts, was had before the court without a jury. On that issue the court made a finding, and gave in favor of the plaintiff a judgment for the amount found due him, but without costs,—which, though not assigned, is manifest error. That judgment, as the entry shows, having been paid in open court, was declared satisfied, and thereupon the court proceeded to give judgment on the special counts "in favor of the defendant, together with his costs,"— that is to say, if there was but a single or entire judgment, his costs in the entire case,—which also would be manifest error. But the judgment of the plaintiff having been satisfied of record before the entry of that for the defendant, if it must be 'said that the entry shows but one judgment it is that in favor of the defendant, as if none had been given for the plaintiff. To say, however, that the entry contains only a single judgment, is simply to confuse terms. If the judgment in favor of the plaintiff, though at once satisfied of record, should nevertheless be deemed to have remained in force as an adjudication of the issue upon which it was rendered, it was plainly a separate and distinct judgment from the one in favor of the defendant against the plaintiff, rendered upon different issues and for a different cause of action. If the court had postponed to another day or to another term the entry of the second judgment, the distinction would not be more clear. This disposes of the second ground of the motion, and it follows that the first ground is not tenable. By receiving satisfaction of the judgment in his favor the plaintiff did not waive the right to seek a review of the later separate and independent judgment against him. The rule is not questioned that a party who has taken advantage of a judgment or decree may not afterwards question its validity, but a party cannot on principle be estopped from seeking to be relieved of a part of a decree or judgment at law because he has taken advantage of another independent part, which in no manner affects or is affected by the part which he would question. The reversal of the judgment on the demurrers in this case could in no manner affect the right of the plaintiff in error to retain the money received in satisfaction of the judgment on the common counts, and his receipt of that money should be no obstacle to his bringing the judgment on demurrer under review.

In considering whether the ruling on the demurrer was right, it is to be remembered that a contract too uncertain to be specifically enforced in equity may be the basis for a remedy at law in favor of a party who has wholly or partially performed the contract. It is shown by specific allegations in each of the special counts of the declaration that the plaintiff had performed every obligation or undertaking on his part, "and had succeeded in doing such a business in that behalf as said defendants might or could reasonably expect," or, as it is stated in one of the counts, "such a business as said defendants then and there reasonably expected said plaintiff to have done in that behalf." If these are good averments (and the contrary has not been suggested), the defendants by demurring admitted that the business done by the plaintiff was such as they could or might and did reasonably expect. With this admission there is no reason for indulging in doubt or speculation how, if issue were joined, proof could be made of the performance of such an agreement. It can hardly be conceded,

however, that on such an issue there ought to be sufficient evidence to enable the court or jury to determine "definitely" what was a reasonable expectation. The use of the word "reasonable" indicates an intention that if a dispute on the point should arise it should be determined by a standard outside of the minds of the contracting parties, according to the judgment of a court and jury upon the facts and circumstances proved. If upon that issue when joined the plaintiff, having the burden of proof, cannot produce the evidence necessary to enable the jury to find a verdict in his favor, he must fail as do others who bring actions without evidence to sustain them.

In two of the paragraphs of this declaration it is alleged that the refusal of the defendants to renew the contract was for the dishonest and fraudulent purpose of depriving the plaintiff of the large commissions and profits which would have come to him during the additional time stipulated; and in another count it is also alleged that the defendants had frequently acknowledged by letter their satisfaction with the business done by the plaintiff. These averments perhaps add nothing to the essential force of the declaration, but they afford ground for the suggestion that the proof of the plaintiff's case might be satisfactorily and conclusively made by the production of such letters or by other evidence of admissions. If it can be shown, by admissions or otherwise, that the business done by the plaintiff was not only equal to reasonable expectation, but so much greater than was expected that the defendant and his associates were unwilling that the plaintiff should have the profits of a renewal of the contract, is it nevertheless to be said that the contract is invalid because so indefinite that the court cannot find on its face what the parties meant by "reasonable expectation"? A contract, equally indefinite, to sell all the rye straw which the vendor "had to spare," not exceeding three tons, was held in Parker v. Pettit, 43 N. J. Law, 512, not to be void for uncertainty, the court saying that, "if there was no other satisfactory evidence on the subject, the quantity of straw the defendant had sold (to third parties) after the contract with the plaintiff was made was competent evidence of the quantity he had to spare." But, if the contract was void when made, the subsequent sale of straw by the vendor could not have given it validity. There is, of course, no enforceable obligation when by the terms of a writing, in the form of a contract, either party is not to be bound unless or until he is satisfied, and he alone is to be the judge of his satisfaction; but there are cases where, upon the entire instrument and in view of the circumstances, the courts have said the word "satisfactory" should be construed to mean reasonably satisfactory, and so have held the contract binding, on the ground, manifestly, that what is reasonable may be determined by a jury, and is not referable to the whim or judgment of an interested party. In Hawkins v. Graham, 149 Mass. 284, 21 N. E. 312, the contract was for a system of heating in a mill, and it was stipulated that, "in the event of the system proving satisfactory, and conforming with all the requirements" of the contract, payment should be made; and payment was adjudged, the court saying: "When the consideration furnished is of such a nature that its value will be lost to the plaintiff either wholly or in great part unless paid for, a just

hesitation must be felt, and clear language required, before deciding that payment is left to the will, or even to the idiosyncrasies, of the interested party. In doubtful cases courts have been inclined to construe agreements of this class as agreements to do the thing in such a way as reasonably ought to satisfy the defendant." And so, in Daggett v. Johnson, 49 Vt. 345, the defendants had agreed to pay for milk pans ordered, "if satisfied with the pans," and it was held "that the defendant had no right to say, arbitrarily and without cause, that he was dissatisfied, and would not pay for the pans. * * * He must act honestly, and in accordance with the reasonable expectation of the seller, as implied from the contract, its subject-matter, and surrounding circumstances." The word "reasonable," which in these cases the courts imported for the purpose of expressing the intent of the parties to the contracts there considered, was not left to implication in this instance, but was written in the contract, presumably upon the deliberate choice of the parties for the purpose of expressing more clearly their intention. In Joy v. City of St. Louis, 138 U. S. 1, 11 Sup. Ct. 243, the suit was to compel specific performance of a contract of which the ninth clause was as follows: "Said party of the second part shall permit, under such reasonable regulations and terms as may be agreed upon, other railroads to use its right of way through the park and up to the terminus of its road in the city of St. Louis, upon such terms and for such fair and equitable compensation to be paid to it therefor as may be agreed upon by such companies." In the course of the opinion (page 43, 138 U. S., and page 255, 11 Sup. Ct.) it is said: "Although the statement is that the compensation is to be such 'as may be agreed upon by such companies,' yet the statement that it is to be 'fair and equitable' plainly brings in the element of its determination by a court of equity. If the parties agree to it, very well; but if they do not, still the right of way is to be enjoyed upon making compensation, and the only way to ascertain what is a 'fair and equitable' compensation therefor is to determine it by a court of equity. Such is, in substance, the agreement of the parties." If by such an agreement it was brought within the determination of the court to say what was fair and equitable, this contract brings it within the province of a jury, if the issue of fact be joined, to determine what was such a business as the defendant in error and his associates could and did reasonably expect. The courts are constantly engaged in determining what under the circumstances was reasonable, what was reasonable care, reasonable diligence, reasonable certainty, reasonable notice, reasonable cause, reasonable doubt, reasonable time, and the like, and no convincing reason is perceived why under a contract like this the courts should refuse to inquire or shrink from determining what was a reasonable expectation. That that might be done was, in substance, the contract of the parties, and by enforcing the agreement on that basis, however difficult the inquiry may prove to be, the court does not make for them a contract which they did not make for themselves. The judgment is reversed, with direction to overrule the demurrer to each of the special counts of the declaration.

SHOWALTER, Circuit Judge, did not participate in this decision.