ELIZABETH A. CRONIN ET ALS. *v.* GAGER-CRAWFORD COMPANY ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 4—decided December 5, 1941.

*Francis F. McGuire,* for the named defendant.

*Robert P. Anderson,* for the plaintiffs.

MALTBIE, C. J.   This proceeding began as an action for a strict foreclosure of certain land in New London. On motion of the plaintiffs, a receiver of rents was appointed.   On motion of one of the defendants, a judgment for foreclosure by sale was rendered.   Appraisers were appointed and the property was appraised.   The committee appointed to make the sale reported that he had sold it at public sale to the plaintiffs.   On September 19, 1941, the named defendant filed a remonstrance to the report of the committee.   On September 26, 1941, the receiver of rents filed a final report. On September 30, 1941, the trial court filed a memorandum of decision which recited that the plaintiffs had filed a claim for a deficiency judgment and in which that claim was denied.   On the same day judgment was rendered that the sale of the premises be confirmed and a conveyance to the plaintiffs as purchasers approved, that the plaintiffs' claim for a deficiency judgment was disallowed and that the defendants should surrender the premises to the plaintiffs.   The judgment was silent as to the report of the receiver of rents.   On October 3, 1941, the receiver ap-

plied for an order as to the distribution of a balance of more than $2000 in his hands and the court on the same day entered an order which directed that certain expenses be paid, that the balance of rents received previous to the sale of the premises be paid to one of the defendants and the balance of rents received after that day be paid to the plaintiffs.

Thereupon the plaintiffs filed an appeal to this court from that part of the judgment denying their claim for a deficiency judgment and from the order of the court directing the distribution of funds in the hands of the receiver of rents "otherwise than on account of a deficiency judgment in favor of the plaintiffs." The named defendant has moved to erase the appeal on the grounds that it is taken only from a part and not all of the judgment and that it attempts to join appeals from two distinct and separate judgments.

The general rule undoubtedly is that in the absence of statutory authority an appeal cannot be taken from a part only of a single judgment. 3 C. J. 466; 4 C. J. S. 204. A judgment may, however, include parts which are severable from each other; *Morse* v. *Ward*, 92 Conn. 286, 290, 102 Atl. 586; and where that is so, many courts permit an appeal from one only of those parts. *Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542, 552, 63 N. E. 550; *Worthington* v. *Beeman*, 91 Fed. 232, 233, 33 C. C. A. 475; *Podesta* v. *Moody*, 69 N. J. Eq. 468, 60 Atl. 939; *People* v. *Vogt*, 262 Ill. 170, 174, 104 N. E. 226; *Kremer* v. *Kremer*, 76 Kan. 134, 139, 90 Pac. 998, 91 Pac. 45; 3 C. J. 466; 4 C. J. S. 204. In *Pereles* v. *Leiser*, 119 Wis. 347, 96 N. W. 799, the situation was substantially on all fours with the one before us except that the trial court sustained the claim for a deficiency judgment, and an appeal was permitted from that portion of the judgment.

We can see no valid reason why an appeal may not properly be taken from a portion of a judgment which is so distinct and severable that, should error be found and the case remanded for further proceedings, the remaining portion would be in no way affected, and we see distinct advantages in allowing such an appeal. The effect would be that the stay of execution incident to the appeal would not affect the portion of the judgment not appealed from and it would become effective without the delay resulting from the appeal. Thus in the case before us, the approval of the sale and order for the delivery of the premises would become at once effective, leaving the separable issue as to the plaintiffs' right to a deficiency judgment to be determined on the appeal or by subsequent proceedings, if error is found. That the appeal in this case was taken only from a portion of the judgment is not ground for its erasure.

If the appeal from the separable portion of the judgment denying a deficiency judgment is properly before us, that appeal cannot be erased because of the inclusion of an attempted appeal from the order as to the distribution of the fund in the hands of the receiver, even if that was improperly joined. The proper procedure to take advantage of such a fault would be by a plea in abatement, which would enable this court to take proper steps to remedy the situation. *Klein* v. *Capitol National Bank & Trust Co.*, 124 Conn. 685, 686, 2 Atl. (2d) 489. We do not decide whether there was an improper joinder because "supplemental proceedings sometimes follow upon a final judgment which may be brought within the scope of the appeal taken from it"; *Valluzzo* v. *Valluzzo*, 103 Conn. 265, 266, 130 Atl. 126; *Young* v. *Polish Loan & Industrial Corporation*, 126 Conn. 715, 11 Atl. (2d) 395; and we

do not, on this motion, consider whether that principle would apply as regards the order in question.

The motion to erase is denied.

In this opinion the other judges concurred.