[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The parties were married August 15, 1971. On June 4, 1992, a dissolution was granted by the court (Kaplan, J.). The plaintiff filed an appeal on June 19, 1992 and the defendant filed a cross-appeal on June 26, 1992. The plaintiff withdrew her appeal on September 9, 1992. Plaintiff subsequently filed a motion for contempt. On September 29, 1992 the plaintiff's motion was heard by the court (Norko, J.) and was denied when the court found a stay was in effect due to the appeal. The Appellate Court has remanded this issue back to the Superior Court. On November 17, 1992 the plaintiff filed a new motion to terminate the stay of execution. This issue was heard before this court on December 16, 1992.
TERMINATION OF STAY
Under Practice Book Sec. 4046 "[i]n all actions, . . . proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause . . . . This section shall not apply to actions concerning . . . periodic alimony and support orders . . . ."
The first issue is whether the payment of the real estate taxes falls under the alimony exception to Practice Book Sec. 4046. The plaintiff cites Berg v. Berg, 24 Conn. App. 509
(1991), in support of this position. Berg holds that in that particular case that an order dealing with household costs and expenses is alimony. In the Berg case the plaintiff wife was required to pay all household expenses and her original alimony award reflected this since her $880 per week alimony award was to be reduced to $350 upon sale of the home. This court finds the defendant's argument persuasive that the purpose of the order was not based on a continuing duty to support, unlike Berg. This interpretation is supported by the structure of the order which sets out the tax order in a separate paragraph from the alimony order.
The second issue is whether the payment of the real estate CT Page 11327 taxes fall under the cause of the appeal. The defendant's issues on appeal are; 1) whether the trial court erred in awarding the plaintiff non-modifiable periodic alimony that does not terminate upon plaintiff's cohabitation or remarriage, 2) whether, the court erred in its calculations of defendant's earning capacity and therefore based the child support and alimony payments on a faulty premise, and 3) whether the trial court erred in ordering defendant to pay plaintiff's counsel fees in the absence of any evidence to establish their reasonableness. This court concludes that defendant's payment of real estate taxes fall under the cause of appeal.
Plaintiff cited two cases in support of her argument that this action is not covered by Practice Book 4046, Roper v. New Britain, 70 Conn. 459 (1898) and Cronin v. Gager Crawford,128 Conn. 401 (1941). This court finds both these cases distinguishable from the case at bar. In Roper the court finds an appeal by another landowner regarding the assessment of damages for the taking of his land for a city street does not stay the plaintiff's action for payment of damages assessed. This case is not a case where the plaintiff has no rights affected by a third party's appeal.
The other case cited by plaintiff, Cronin, holds that an appeal may be taken from a portion of a judgment which is so distinct and severable that, should error be found and the case remanded for further proceedings, the remaining portion would be in no way affected. This court finds this argument weak considering the holding in Sunbury v. Sunbury, 210 Conn. 175
(1989). Sunbury holds that "[t]he issues involving financial orders are entirely interwoven. The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." Id., 170, 175.
Plaintiff's argument that by applying Sunbury to a motion to terminate stay, no dissolution would ever be exempt from stay because it might be reconsidered on remand after the Appellate Court finds error is non-persuasive. Practice Book Sec. 4046 specifically exempts alimony and support from the stay provision. The stay provision only includes property settlements and under Sunbury no element of a property settlement can be found to be severable from an appeal of any part of a divorce decree because of the nature of dissolution orders. CT Page 11328
CONCLUSION
This court denies plaintiff's motion for relief from stay.[1]
Norko, J.