[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 24, 1994 CT Page 4186-H
This case proves once again the truth of Yogi Berra's adage that it's never over `til its over. This case was originally tried before the Hon. Norris O'Neill, who filed his decision on December 31, 1992. ("PatronI.") Judge O'Neill's decision was reversed in part by the Appellate Court and remanded for further proceedings.Patron v. Konover, 35 Conn. App. 504,646 A.2d 901, cert. denied, 231 Conn. 929, 648 A.2d 879 (1994). (Patron II.) I heard the case on remand and, on March 17, 1995, filed a memorandum of decision addressing what the parties had represented to be the outstanding contested matters in the case. (Patron III.)
In the process of calculating the actual order to be entered, however, the parties have disagreed on two additional issues. This disagreement comes in the context of an offer of judgment filed by the named plaintiff, Robert L. Patron ("Patron"), on September 4, 1992. Patron hopes to recover a sum exceeding this offer in order to be entitled to the interest provided by Conn. Gen. Stat. § 52-192a(b). With this goal in mind, he seeks to have the prejudgment interest to which he is entitled under Conn. Gen. Stat. § 37-3a calculated to the date of the judgment about be entered rather than to the date of the judgment in Patron I. Patron also wishes the supplemental attorneys fees awarded in Patron III to be included in the § 52-192a(b) calculation. These issues will be considered in turn. Both issues involve the calculation of the "amount" that "the plaintiff has recovered" for purposes of § 52-192a(b). As to the first issue, it is established that, in a contract case such as the present one, the "amount" recovered includes prejudgment interest recovered under § 37-3a.Camp, Dressler McKee, Inc. v. Technical DesignAssociates Inc., 937 F.2d 840, 844-45 (2d Cir. 1991);Edward Denike Tree Co. v. Butler, 21 Conn. App. 366,369, 573 A.2d 349 (1990). The named defendant, Simon Konover ("Konover"), does not dispute this general point. The dispute between the parties focuses on the proper interpretation of § 37-3a and the remand order of the Appellate Court in Patron II.
CT Page 4186-I
Section 37-3a allows the court to award interest "as damages for the detention of money after it becomes payable." The allowance of such interest "is a matter within the discretion of the trial court." Patron II,supra, 35 Conn. App. at 517. Judge O'Neill awarded such interest in Patron I, and Patron II did not disagree with this general exercise of his discretion. Rather,Patron II remanded the case "for further proceedings to recompute the award of damages after . . . eliminating all prejudgment interest prior to the . . . notice of default." 35 Conn. App. at 520. I determined the commencement date of the prejudgment interest inPatron III. I am now asked to determine the termination date of the prejudgment interest for purposes of entering judgment.
The specific purpose for which I am analyzing § 37-3a
is important because that statute itself says nothing about when interest terminates. In fact, § 37-3a
has been construed as allowing postjudgment, as well as prejudgment, interest. Gionfriddo v. Avis Rent A CarSystem, Inc., 192 Conn. 301, 308, 472 A.2d 316
(1984). The question that must now be addressed is what interest should be allowed "as damages for the detention of money after it becomes payable" in computing the judgment in this case. In making this calculation, it is counterintuitive to suggest that I should stop the calculation of interest at any time before judgment is entered. A substantial amount of money has been "payable" for a very long time, and much of it remains to be paid. (A partial payment was made in April 1993.) The unpaid money continues to be "detained." An award of interest as damages for this continued detention seems eminently justified as a matter of discretion.
Such an award is conceptually justified as well. Judge O'Neill's judgment in Patron I was appealed and set aside in Patron II. Although the rescript of the Appellate Court was limited, it nevertheless annulled the judgment. Coughlin v. McElroy, 72 Conn. 444, 446,44 A. 743 (1899). The judgment about to be entered will be the judgment in the case. Whatever has happened prior to the time that judgment now enters will, by definition, be prior to judgment. In the criminal law, CT Page 4186-J it is well established that if a judgment — which, in a criminal case, is the sentence — is set aside on appeal and a new judgment subsequently enters, presentence time credits are to be awarded up to the time of the new judgment. Casey v. Commissioner, 215 Conn. 695,700, 577 A.2d 1051 (1990). The same conceptual approach should logically apply here.
Konover argues that such an approach is inappropriate in this case because the issues he presented on appeal in Patron II involved only a portion of the judgment in Patron I. If the appeal had been taken from a separable portion of the judgment; see Cronin v.Gager Crawford Co., 128 Conn. 401, 404, 23 A.2d 149
(1941): this argument might carry considerable force. That is not, however, what happened here. The appeal that Konover filed on January 15, 1993 was an appeal from "the final judgment." By virtue of this appeal, theentire judgment in Patron I was appealed. As a result of the automatic stay provision of Practice Book § 4046, the entire judgment was stayed. As it happened, part of the money owed was paid in April 1993, but the remainder was "detained" and continues to be "detained" to this day. Consequently, the fact that the issues in Patron II were limited in scope is inconsequential. The very act of taking an appeal from "the final judgment" resulted in a detention of the money awarded in that judgment. Because a portion of that money continues to be detained, prejudgment interest should be awarded up to the time that judgment now enters.
Konover argues that a further award of prejudgment interest exceeds the scope of the Appellate Court's limited remand order in Patron II. This argument, however, ignores the very text of the order in question. Patron II states that, "The judgment is reversed in part and the case is remanded for further proceedings to recompute the award of damages after . . . eliminating all prejudgment interest prior to the . . . notice of default." 35 Conn. App. at 520. (Emphasis added.) Pursuant to this order, damages must be recomputed, and a proper calculation of prejudgment interest must be made. The calculation here is not only well within the scope of the Appellate Court's order but CT Page 4186-K faithfully implements that order.
Konover overlooks another point as well. As has already been mentioned, Conn. Gen. Stat. § 37-3a does not on its face draw a distinction between prejudgment and postjudgment interest and, in fact, allows interest of both descriptions. The only question under § 37-3a is whether there is a "detention of money after it becomes payable." Because the money in question here continues to be detained, an award of interest is plainly appropriate in this case regardless of the precise scope of the Appellate Court's order. The Appellate Court's decision in Patron II affects only the commencement
of the § 37-3a period in this case. The terminus
of the § 37-3a period is the time when the money found to be wrongfully detained is finally paid. That time has not yet arrived. This latter consideration is unaffected by the Appellate Court's decision.
The real question here is not whether interest should be awarded under § 37-3a for the period of detention following Patron I — it clearly should — but whether the interest accruing after Patron I should be included in the "amount" recovered for purposes of § 52-192a(b). The answer to this question is plainly in the affirmative. Judgment must now enter, and the interest up to now is clearly an amount that Patron has recovered. This calculation is not precluded in any way by the Appellate Court's decision in Patron II. That decision on its face required further proceedings, and § 52-192a(b) can be implemented only after those proceedings have been completed. That time has now arrived, and it has arrived for the first time.
Konover's final argument, while not based on either judicial precedent or statutory text, is his most poignant. Because of the workings of §§ 37-3a and 52-192a(b), it turns out that he has lost by winning. He is worse off now than he would have been had he never pursued his appellate rights in the first place or, for that matter, had he pursued them and lost. But while this statement may be accurate as far as it goes, it does not follow from this that Konover has been punished for winning. Rather, two different things have happened in conjunction. CT Page 4186-L
First, interest has been recovered under § 37-3a for money wrongfully detained. As a result of the appeal and the further proceedings made necessary by the success of that appeal, the money detained has been detained for a longer period of time than it would have been had the appeal never been brought or, for that matter, had the appeal been brought and lost. Patron has been deprived of that money for this lengthened period of time, and Konover has had the use of it for the same period. There is absolutely nothing wrong with awarding Patron interest to compensate him for this deprivation.
The second thing that has happened is the operation of the offer of judgment statute, § 52-192a. "The statute is admittedly punitive in nature." Lutynski v.B. B. J. Trucking, Inc., 31 Conn. App. 806, 812,628 A.2d 1 (1993), aff'd, 229 Conn. 525, 642 A.2d 7 (1994). Its purpose "is to encourage early, fair, and reasonable settlements, and to encourage plaintiffs to make offers of judgment promptly." Id. at 814. An inclusion of prejudgment interest up to the time of final judgment in computing the "amount" recovered for purposes of § 52-192a(b) will further each of these goals. The "early, fair, and reasonable settlements" that the statute encourages are settlements of cases in their entirety, and this includes settlements of appeals and post-appellate proceedings as well as of trials. The statute is designed to enhance the risk faced by defendants who do not settle and to correspondingly reward plaintiffs who have filed reasonable offers of judgment and who ultimately prevail on the merits. There is, admittedly, a casino aspect to this process. At the end of the case, in the vivid words of William Blake, "The Winner's Shout, the Loser's Curse,/Dance before dead England's Hearse." This casino aspect is, however, the very way in which a risk-enhancing statute like § 52-192a
is designed to work. It is fully appropriate to implement that statute here.
The second issue can be summarily disposed of. InPatron III, I awarded supplemental attorneys fees to Patron for pursuing a supplemental prejudgment remedy. It is established that "an award of statutory CT Page 4186-M attorneys fees awarded by judgment may be taken into account in calculating the amount of recovery to be measured against the amount of the plaintiff's pretrial offer of judgment." Crowther v. Gerber Garment Technology,Inc., 8 Conn. App. 254, 268, 513 A.2d 144
(1986). There is no ground for distinguishing an award of contractual attorneys fees from an award of statutory attorneys fees in this regard. Each award results in an amount "recovered" by the plaintiff, and both the language and purpose of § 52-192a(b) requires that such awards be treated equally. The fact that the award here was for services rendered after the decision in Patron I is inconsequential. The services were rendered prior to the judgment about to be entered and were performed to secure the money detained by Konover. The award for these services should be included in the § 52-192a(b) calculus.
The parties are ordered to submit proposed orders by May 1, 1995.