[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION RE: PLAINTIFF'SMOTION TO TERMINATE AUTOMATIC STAY ON APPEAL]
In this action for a foreclosure of the plaintiff's mortgage, judgment of foreclosure by sale was entered on the plaintiff's complaint. Judgment for the plaintiff was also entered on the defendant's counterclaim in which he sought damages for alleged conversion, violations of the Connecticut Unfair Trade Practices Act (CUTPA) and fraudulent misrepresentations. (See Memorandum of Decision filed July 13, 1993.)
The plaintiff now moves to terminate the automatic stay on appeal under Practice Book § 4046 claiming that the defendant's appeal is taken only for delay or that the due administration of justice requires it, so that the plaintiff may be allowed to proceed with the foreclosure sale. The plaintiff also claims that a stay is not appropriate, as its judgments on the complaint for foreclosure and on the counterclaim are distinct and separate, citing [Cronin v. Gager-Crawford Co.],128 Conn. 401 (1941), and that in any event there can be no appeal on its foreclosure judgment.
 I.
The court concludes that the plaintiff's latter claims that there can be no appeal on the judgment of foreclosure and of separate and distinct judgments are unpersuasive.
The plaintiff argues that the defendant's motion to reargue and open the judgment does not provide any basis to appeal the judgment of foreclosure. The plaintiff further argues that the defendant's answer did not deny the allegations of the plaintiff's complaint and that the defendant did not interpose any special defenses nor refer to any ground on which to base an appeal of the foreclosure judgment in his post-trial memoranda.
[Cronin] only supports the proposition that an appeal may be taken from a portion of a judgment which is so "distinct and severable that, should error be found and the case remanded CT Page 4590 for further proceedings, the remaining portion would be in no way affected." Id., 404. Although that may be the case here, it would be premature to apply [Cronin] at this time, as the defendant's appeal has not yet been filed.[1] Thus, it is not now possible to precisely identify what issues he may raise on appeal with respect to the judgment of foreclosure. As the defendant points out, he did file a number of special defenses to the plaintiff's complaint, all of which were stricken by the court (Leuba, J.) and (Koletsky, J.). The action by the court in striking the special defenses may be an issue on appeal.
 II.
A. Appeal Taken Only For Delay
Practice Book § 4046 provides in relevant part:
 In all actions, . . . proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired . . . but if the judge who tried the case is of the opinion that an extension to appeal is sought or the appeal is taken only for delay or that the due administration of justice so requires that a judge may at any time, upon motion and hearing, order that the stay be terminated.
The application of this rule involves the exercise of the trial court's sound discretion in the light of the facts and circumstances of the case. See [Northeastern Gas TransmissionCo. v. Benedict], 139 Conn. 36, 43 (1952). A brief recitation of the history of this case is appropriate at this juncture to provide a backdrop for the court's decision.
The two parcels sought to be foreclosed by the plaintiff are adjacent, one lot contains the defendant's residence; the other is unimproved. The residential lot is subject to a first mortgage, and a judgment of foreclosure by sale was entered by the court, O'Connell, J., Docket No. CV92-523276, [Bank of New Haven v. Caldrello], New London Judicial District. The plaintiff's mortgage is a second mortgage on the residential lot and a first mortgage on the unimproved lot, and the decree of foreclosure in this case ordered a sale of the both lots on the same sale day ordered in Docket No. CV92-523276 CT Page 4591 (September 4, 1993), and appointed the same committee of sale. See Memorandum of Decision[2] filed July 13, 1993. The day before the day appointed for the sales, the defendant filed a voluntary petition in bankruptcy under Chapter XI, Docket No. 93-23414-RLK, Bankr. D. Conn., at Hartford, thus automatically staying all proceedings on each mortgage in this court. The plaintiff then obtained relief from stay in the bankruptcy court.
On consideration of the entire record, the court cannot conclude that the defendant's motion to reargue and open and set aside the judgment, and the prospective appeal, were taken only for delay. This is not the case where the appellants failed to file an appeal in a timely manner and raised post-judgment arguments that could have otherwise been made if timely. [Town of Wilton v. McGovern], 33 Conn. App. 517, 521
(1994) (appeal dismissed as dilatory, for sole purpose of delaying the inevitable). Furthermore, this is neither a foreclosure action in which there was nothing in the record to suggest even arguably meritorious defense; [Tolland Bank v.Larson], 28 Conn. App. 332, 337 (1992) (judgment by default affirmed although answer claiming insufficient knowledge was filed, finding sole purpose was delay); nor a case where the defendants appealed from the trial court's refusal to order foreclosure by sale, after remand from the Appellate Court to set new law days on a decree of strict foreclosure. [ConnecticutNational Bank v. Zuckerman], 31 Conn. App. 440, 442 (1993) (appeal dismissed as purely dilatory, as well settled that trial court could not act beyond the scope of the remand.)
An action is frivolous:
 if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.
[Texaco, Inc. v. Golart], 206 Conn. 454, 463-464 (1988), quoting Rules of Professional Conduct, § 3.1. The court cannot find that the defendant's appeal is frivolous, as that term is defined in [Texaco, Inc. v. Golart], supra, 464. Hence, the claim of the CT Page 4592 plaintiff that the defendant's appeal was taken only for delay fails.
 B. Due Administration of justice Requires Termination of Stay
It is within the trial court's discretion to determine whether to terminate a stay of execution. [Northeastern GasTransmission Co. v. Benedict], supra, 43. of consequence is the fact that a stay of execution denies a party successful on the underlying judgment the immediate fruits of victory. See [Preisner v. Aetna Casualty Surety Co.], 203 Conn. 407, 414
(1987).
Making such a determination requires the court to consider the following additional relevant facts The judgment of foreclosure of the first mortgage in Docket No. CV92-523276, [New Haven v. Caldrello], found that debt to be $375,249.23, including principal, interest and attorney's fees plus costs, and interest continues to accrue on the debt. There are past due real estate taxes on both parcels totalling approximately $19,000 together with accrued interest and lien fees.
There now appears to be, at best, approximately $200,000[3] in equity in both parcels to secure the plaintiff's debt in this case, which was found to be $764,775.37, plus taxable costs and interest accrued from the date of judgment. As appears from the defendant's first amended disclosure statement (disclosure statement) filed in his Chapter XI proceedings, appended as Exhibit D to the plaintiff's memorandum of law, he has not paid the post-bankruptcy petition interest on the first mortgage debt and remains in arrears on the real estate taxes. Thus, the plaintiff's security position has diminished due to the delays already experienced incident to the appellate and bankruptcy proceedings to date. It will be further jeopardized while the defendant's appellate claims await determination. Indeed, if those claims are eventually resolved in the plaintiff's favor, it may have little or nothing remaining in its hands to secure its debt.
The due administration of justice requires the court to consider the entire background and circumstances of this case. See [Hotchkiss v. Hotchkiss], 143 Conn. 443, 444-45, n. 1 (1956). This court also keeps in mind that "[i]t is fundamental to the judicial process that a . . . party accorded the right of CT Page 4593 appellate review is entitled to the full and unhampered exercise of that right in accordance with the applicable rules of practice or statutes." [Hartford National Bank Trust Co. v.Tucker], 181 Conn. 296, 298 (1980).
In this case, the defendant was obligated by the terms of the first mortgage deed and note to pay the principal, interest and taxes and maintain homeowner's insurance coverage on the premises. The judgment of foreclosure on the first mortgage is final, although stayed by the intervening bankruptcy petition, and has not been appealed, nor can it be. Moreover, in the defendant's disclosure statement, he essentially reaffirms the validity of the first mortgage and offers to make payments toward that mortgage debt and the real estate taxes. He also states therein that he currently earns between $80,000 and $100,000 per annum. His post-petition earnings are ordinarily not assets of his bankruptcy estate.
"An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." [Glotzer v. Keyes], 125 Conn. 227, 231 (1939). The court sees no reason, in the exercise of equitable powers, why it may not order the defendant, as a condition of the continuing of the appellate stay, in order to effect the due administration of justice and preserve a status quo, to pay the current interest on the first mortgage as it becomes due and the real estate taxes and also maintain insurance on the property.
If the defendant ultimately prevails, the payments will redound to his benefit; if he fails in his appeal, then the plaintiff's security interest will not have evaporated as a result of the delays resulting from the combined effects of the bankruptcy and appellate stays.
Accordingly, upon consideration of the background and all of the circumstances of this case, the motion to terminate the stay on appeal, as to the judgment on the complaint only, is granted, unless the defendant does the following:
(1)(a) Within thirty days hereof provides proof of insurance on the residential parcel, naming the holders of the first and second mortgage thereon as loss payees; (b) pays to the holder of the first mortgage all interest accruing from the date relief from stay was granted in the bankruptcy court to the CT Page 4594 present; and (c) pays to the Niantic tax collector all real estate taxes on both parcels accruing over the period set forth above; and,
(2) Continues to: pay the interest accruing on the first mortgage, deposit one-twelfth of the annual real estate taxes on both properties accruing from and after the date hereof, on the first of each month in an escrow account to be held by the parties' present counsel of record, and maintain the above homeowners' insurance in force, during the pendency of this appeal.
None of such payments are to be made from assets of the debtor's bankruptcy estate; and in the event the holder of the first mortgage refuses to receive and apply the monthly payments to interest due after the date the relief from stay was granted, said payments on account of interest are to be added to the escrow account above established.
In the event the plaintiff finally prevails on the defendant's appeal on the complaint for foreclosure, then said escrow funds shall be payable to it, to be applied to the mortgage and tax obligations stated; otherwise, said escrow funds shall be paid to the defendant.
Teller, J.