[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO TERMINATE STAY OF EXECUTION
CT Page 3262
In this foreclosure action, plaintiff North American Bank 
Trust Co. (North American) has moved under Practice Book § 4046 to terminate the stay of execution which occurred when the defendants appealed this court's denial of the defendants' motion to reopen judgment and reset law days. For the reason stated below, the stay is terminated.
On July 29, 1992, North American filed a complaint seeking a judgment of strict foreclosure against numerous defendants including Sultan Realty Corporation, the mortgagor. On May 17, 1994, the court, Vertefeuille, J., entered a judgment of strict foreclosure and set law days to begin November 22, 1994. The court found the debt to be $659,317.32, awarded an appraisal fee of $3,000.00, an attorney's fee of $7,822.50, and a title search fee of $750.00. The court found the fair market value of the two properties to be $440,000.00.
On November 21, 1994, the court, Hauser, J., opened the judgment and set new law days to begin January 3, 1995. The court indicated in its order that it would consider extending the law day to January 31, 1995, if the defendants paid $9,000.00 to North American. The defendants did not pay $9,000.00 to North American.
On December 21, 1994, the defendants' filed another motion to reopen the judgment. They requested "an extension of the law date to February 28, 1995." This motion was heard and denied by the court, Thim, J., on January 3, 1995. The defendants appealed this denial. Practice Book § 4046 provides for an automatic stay of execution of a judgment during the appeal process. North American has moved to terminate the stay of execution.
Practice Book § 4046 provides in relevant part "In all actions, . . . proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ." This section stays the enforceability of a foreclosure judgment provided a timely appeal is taken from that judgment. See, e.g., Farmers andMechanics Savings Bank v. Sullivan, 216 Conn. 341, 346-51,579 A.2d 1054 (1990). Section 4046 further provides that "if the judge who tried the case is of the opinion that an extension to appeal is sought or the appeal is taken only for delay or that due administration of justice so requires that judge may at any time, CT Page 3263 upon motion and hearing, order that the stay be terminated." North American argues in its motion that "due administration of justice compels the termination of the automatic stay of execution."[1]
It is within the trial court's discretion to determine whether due administration of justice warrants the termination of a stay of execution. Northeastern Gas Transmission Co. v. Benedict,139 Conn. 36, 40, 89 A.2d 379 (1952); Norwich Savings Society v.Caldrello, 9 CSCR 544 (April 24, 1994, Teller, J.) "Of consequence is the fact that a stay of execution denies a party successful on the underlying judgment the immediate fruits of victory." NorwichSavings Society v. Caldrello, supra.
In the present case, the defendants have taken their appeal from a denial of a motion to reopen judgment and extend the law days to February 28, 1995. Because February 28, 1995 has now passed, the defendants have obtained the relief which they sought in their motion. The stay of execution has ceased to serve its intended function as the issue underlying the appeal is now moot. The due administration of justice compels the court to grant North American's motion to terminate the stay of execution.
THIM, JUDGE