CASE 93—EQUITY—APRIL 21.

# Lochnane v. Lochnane.

APPEAL FROM GARRARD COURT OF COMMON PLEAS.

1. An appeal lies to this court from a judgment making an allowance to support the wife pending a suit brought by her for a divorce.
2. The averment that the plaintiff "now resides, and for some while has resided, in this, Garrard, county" is *prima facie* equivalent to the expression "usually resides," contained in section 76, Civil Code.
3. No notice of the application for an allowance is now required by the statute after service of summons, when, as in this case, the petition specifically asks for it.
4. The court did not err in hearing oral testimony in support of the application.

DENNY & TOMLINSON FOR APPELLANT.

1. The petition on its face shows that the court had no jurisdiction of the case. (Civil Code, secs. 76, 422.)
2. There was no notice of the application for an allowance. (Morehead & Brown's Stat., 127; Whitesell v. Whitesell, 8 B. Mon., 50; Cravens v. Cravens, 4 Bush, 435; 1 Duv., 196.)

W. LINDSAY AND J. T. TUCKER FOR APPELLANT.

1. The Garrard court of common pleas had no jurisdiction to make the order of allowance to appellee. (Gen. Stat., chap. 52, art. 3, sec. 6; Ib., sec. 4.)
2. No notice was given of the application.

W. O. BRADLEY FOR APPELLEE.

1. No notice of the application for maintenance pending the suit for divorce was necessary. (Sec. 6, p. 391, 1st ed. Rev. Stat.; Stanton's Rev. Stat., vol. 1, 20; 4 Bush, 437.).
2. The petition shows on its face that the court had jurisdiction. (Civil Code, secs. 422, 333, 334; Gen. Stat., 526.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

That an appeal may be taken from a decree making an allowance to support the wife pending a suit for divorce cannot be questioned. It possesses all the essential elements of a final judgment. It may be enforced by rule or execution, and is in every respect independent of the final determination of the court as to the rights of the party in regard to the question of divorce.

The allegation in the petition that the plaintiff "now resides, and for some while has resided in this, Garrard, county," is *prima facie* equivalent to the expression "usually resides," contained in section 76 of the Code. The expression "now resides" conveys the idea of a fixed and permanent residence quite as certainly as the expression "usually resides." The object of the Code was to confine the wife's right of action, where she does not reside with her husband, to the county of her actual residence.

The proof of residence required by section 422 of the Code is designed to affect the right to render the final decree of divorce, and to make it conclusive upon the parties, and not to affect the question of allowance for support during the litigation, to which the wife is entitled regardless of the ultimate result of the action. This proceeds upon the idea that the wife, as complainant, is not presumed to be in fault, and that that question will not be inquired into upon an intermediate application for support to which the wife is. *prima facie* entitled.

No notice of the application for an allowance is now required by the statute, especially where, as in this case, the petition specifically seeks such an allowance. For all purposes sought to be accomplished by the allegations and the prayer of the petition, the defendant must be presumed to

Lochnane v. Lochnane.

be in court at all times after the service of process on him for the period specified in the Code. The affidavit for postponement of action on the application for allowance failed to make manifest any necessity for the personal presence of appellant, or any reason for his absence. If a necessity for the presence of appellant, and a reason for his absence were shown, a different question might have been presented.

The court did not err in hearing oral evidence on the application. No method in which the evidence is to be heard is prescribed by the law, and the defendant being presumptively in court, there appears no reason to object to the method adopted by the court in settling the question. Besides, it has so long been the practice to hear oral evidence on such applications, that we would, for that reason alone, be loth to hold it incompetent.

It appears to us that there can be no valid objection to the amount of the allowance, or to the fact that the court made the allowance to cover the time that would necessarily intervene before the next term of the court. The object of the statute is to furnish the wife a present and continuing subsistence during the pendency of the action, which object would be defeated by postponing the allowance.

Judgment affirmed.