### J. S. McCREARY ET AL. v. JOHN A. ROBINSON.

No. 739. Decided January 30, 1899.

**Appeal—Final Judgment—Trust—Allowance Pending Suit.**

Lands having been bequeathed to defendant charged with a trust for the payment of money for the support of plaintiff during his lifetime, he sued to enforce same, seeking an allowance for his support during the pendency of the suit and judgment on final hearing establishing his right to such support for life. An order before final trial adjudging the payment of an allowance to plaintiff pending suit was a final judgment as to that branch of the case, from which an appeal would lie. (P. 413.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Third District, in an appeal from Falls County.

*Martin & Eddins,* for appellant.

*Z. I. Harlan* and *Rice & Bartlett,* for appellee.

DENMAN, ASSOCIATE JUSTICE.—The Court of Civil Appeals have certified to this court the following explanatory statement and question:

"There is now pending on the docket of the Court of Civil Appeals of the Third Supreme Judicial District of Texas a motion to dismiss this cause because the judgment appealed from is not final. The plaintiff's petition is as follows:

" 'That heretofore, to wit, on February 25, 1882, one Austin Robinson, then living, but since deceased, being the owner of and being then seized and possessed of the property hereinafter mentioned and described, made and published his last will and testament, a copy of which is hereto attached, marked exhibit A and made a part of this petition, by and in which said last will and testament the said Austin Robinson willed, devised, and bequeathed unto the defendant, Sallie McCreary, wife of the defendant Joe S. McCreary, charged with the uses, purposes, and trusts hereinafter mentioned, his, the said Austin Robinson's plantation on the east side of the Brazos river in Falls County, Texas, on the old river, known as his compromise place, the same being a tract of about five hundred acres of land allotted to said Austin Robinson in a partition with James S. Jones of a tract they had bought from a Mrs. Huckings, and all his, the said Austin Robinson's, land on the W. side of the Brazos river, in Falls County, Texas, consisting of two tracts of land that said Austin Robinson inherited from the Jones estate, and containing four hundred acres and six hundred and forty acres respectively, said three tracts of land being described in exhibit B hereto attached and made a part of this petition, and directed in said will that said three tracts of land be delivered up to said Sallie McCreary by his executrix therein appointed at his, the said Austin Robinson's, death; that in and by his said will and testament, the said Austin devised and bequeathed to the defendant Sallie McCreary an estate in remainder after the death of his, the said Austin Robinson's, wife, Mrs. Sallie Robinson, in and to five hundred acres of land on the E. side of the Brazos river, Falls County, Texas, off of the end of the Montgomery one-fourth of a league, the E. line of said five hundred acres tract to run across said Montgomery from N. to S. line and at right angles with them, but provided in said will, however, that as to said last mentioned tract of five hundred acres of land, that he only bequeathed the remainder after fully satisfying the life estate in said five hundred acres tract bequeathed to his, the said Austin Robinson's wife, the said Mrs. Sallie Robinson, in and to the same, the said Austin Robinson having in said will given and bequeathed to his said wife a life estate in said five hundred acres tract of land; that by the terms and conditions of the said last will and testament, so bequeathing said property to said Sallie McCreary, the said Austin Robinson provided and directed that said land so bequeathed and devised to the said Sallie McCreary, were to be held in trust by the said Sallie McCreary for the following uses and purposes among others: 1. She was to have pos-

session, use, and enjoyment of the rents and profits of said first described three tracts, after his, the said Austin Robinson's death, and of the said five hundred acres tract after the death of his said wife, for the support and maintenance of herself, the said Sallie McCreary, her children, and this plaintiff, the brother of said Austin Robinson and the father of defendant Sallie McCreary during his life. 2. That the said Sallie McCreary should, during the life of this plaintiff, out of the rents and profits of said land, maintain this plaintiff with the comforts and necessaries of life, whereby said Austin Robinson charged all the estate so devised to said Sallie McCreary in and to said land, and the rents, issues, and profits arising therefrom, with the maintenance and support of this plaintiff during his natural life, and the furnishing and providing of this plaintiff, during his said natural life, with the necessaries and comforts of life. 3. That after the making and publication of said last will and testament as aforesaid, on, to wit, the 7th day of August, 1897, the said Austin Robinson died in Falls County, Texas, seized and possessed of all of said property so devised to the said Sallie McCreary, whereby all said property descended to and became vested in said Sallie McCreary, charged, as aforesaid, with the maintenance and support of this plaintiff and his right to the necessaries and comforts of life out of the same and out of the rents, issues, and profits from the same during the term of his natural life. 4. That after the death of said Austin Robinson, as aforesaid, said will was duly filed for probate in the County Court of Falls County, Texas, and by decree and judgment of said court, of date —— day of October, 1897, said will was duly established and probated as the last will and testament of said Austin Robinson and said judgment is still in force, and said will stands probated as the last will and testament of the said Austin Robinson. 5. That Mrs. Sallie Robinson, executrix named and appointed in said will by said testator, was by the said judgment of said court probating said will as aforesaid, appointed as executrix thereof and qualified as such on the —— day of ——, 1897; that said executrix, following the direction of said will, has long since turned over said three tracts of land first described above to the said Sallie McCreary, and said Sallie McCreary is now in full possession thereof, and she and her co-defendants have received and converted to their own use and benefit and now have and hold all the rents, issues, and profits from said land for the year 1897, amounting in the aggregate to the sum of three thousand dollars; that said Sallie McCreary took and received and now holds said lands under and by virtue of said last will and testament, and she and her said husband received and now hold said rents, issues, and profits, under and by virtue of said last will and testament, and all of said property in their hands is now charged with the maintenance and support of this plaintiff and with his right under said will to the comforts and necessaries of life, and for which plaintiff has a lien upon and charge against all of said property; that the wife of said Austin Robinson is still living, and said Sallie McCreary has not come into possession of said five hundred acres tract of land above described.

" 'That although said defendants are in possession of the estate thus devised as aforesaid and which is charged, as aforesaid, with the maintenance and support of this plaintiff and with the right on his part out of the rents, issues, and profits arising from said lands to the necessaries and comforts of life, and although the plaintiff is in penury, want, and distress, and has requested and demanded that defendants provide for his maintenance and support, defendants have refused and still refuse to do so, to plaintiff's damage one thousand dollars.

" 'That plaintiff is aged and infirm, being now 72 years of age, is feeble in health, and often requires, in addition to other necessaries and comforts of life, a physician to attend him in his illness and a nurse to nurse and care for him; and that his maintenance and support and the necessaries and comforts of life devised to and provided for him in said will, in which are a charge upon and a lien against said property as aforesaid, are reasonably worth and will cost the sum of $150 per month, and that the probable continuance of plaintiff's life from this date is a period of not less than —— years; that nothing has been paid to him by said defendants since the death of his said brother, the testator, Austin Robinson; that he has no other means of support, that he is old, infirm, and feeble, and unable to make and provide a maintenance and support for himself by his own exertion; that defendants are in possession of property out of which he is entitled to his maintenance and support and to the comforts and necessaries of life; that he is now without means, funds, or credit, and, unless this court makes provision by an order herein for his maintenance and support pending this suit, plaintiff will be in actual want and distress in his old age and infirmity and suffer for the actual necessaries of life, and be cast upon and have to rely upon the charities of his neighbors for actual necessaries of life.

" 'Plaintiff represents unto the court that heretofore, to wit, on the 1st day of December, 1897, the parties hereto desiring to submit to arbitration certain differences arising from and growing out of the above mentioned last will and testament of Austin Robinson, relative to the amount to be paid by the said Sallie McCreary to the plaintiff herein annually for the comforts and necessaries of life, as provided in said will, and as to when, how, and where the same was to be paid, they, the said plaintiff and the said defendants, did enter into a written agreement, duly signed and executed, as provided by the statute in such case made and provided, whereby the said parties did submit said differences and matters in dispute to the arbitration of T. S. Clark, chosen by the plaintiff herein, and W. L. Patillo, chosen by the defendants herein, Sallie McCreary, joined by her husband, Joe S. McCreary, the other defendant herein; that said arbitrators, in pursuance of said agreement, did afterwards, on the same day, assemble and proceed to hear said cause submitted to them as aforesaid, and afterwards did make their award in writing to the effect that the said defendant, Sallie McCreary, should pay to the plaintiff herein during his natural life the sum of fifty dollars per month from the 7th day of August, 1897, for the comforts and neces-

saries of life as provided for in the last will and testament of said Austin Robinson, deceased, the same to be paid quarterly in advance; that the amount due on the 7th day of December, 1897, to wit, the sum of two hundred dollars, should be paid at said time, together with the further sum of one hundred and fifty dollars, the same being the first quarterly payment as above provided, a copy of which said agreement and award is hereto attached marked exhibits B and C respectively and made a part hereof for all purposes; that defendants have repudiated their said agreement to submit said matters to arbitration and have refused to comply with or be bound by the award of said arbitrators.

"'Wherefore, plaintiff prays and sues that said defendants be cited as the law directs, that necessary notice be given, and that a preliminary order be entered directing that some adequate sum be paid plaintiff by defendants for his maintenance and support pending this litigation, and that defendants be compelled by process of this court to pay same to plaintiff in such sums and at such times as this court may direct; that the award of such arbitrators be made the judgment of this court, with a lien or charge on the property devised to defendant Sallie McCreary to secure the payment of same, or, in the alternative, if this for any reason can not be done, that on final trial hereof the amount to be paid by defendants under said will and the time of said payment be fixed and determined; that he have judgment for such sum, and for such other sum as may be found just and reasonable for his maintenance and support since the death of said testator to this date, and that said sums be decreed to be a lien upon and charge against said property, for costs of suit and for general and special relief, etc.'

"The judgment appealed from is as follows:

"'On this, the 22d day of February, 1898, came on to be heard the application of the plaintiff herein, John A. Robinson, for a preliminary order herein directing that some adequate sum be paid to plaintiff by these defendants for his maintenance and support pending this litigation, both plaintiff and defendants appearing by their attorneys, and thereupon came on to be heard the defendants' exceptions to the proceedings herein, which was by the court overruled, and the court, after hearing the pleadings, evidence, and argument of counsel, is of the opinion that said application should be granted, and it appearing to the court that the defendant Sallie McCreary and J. S. McCreary are in possession of the property described in plaintiff's petition, the rents, issues, and profits of which are charged with a support and maintenance of plaintiff during his life, as provided in the last will and testament of Austin Robinson, deceased, and that said defendants have collected and now have on hand a large amount of money, being the proceeds of rents collected from said places during the year 1897; and it further appearing to said court that said defendants are now well able to pay the sum of money hereinafter directed to be paid for the support and maintenance of said plaintiff during the pendency of this suit out of the rents, issues, and profits of the land devised by the last will and testament of Austin Robinson, deceased;

and it further appearing to the court that the said plaintiff is old, infirm, and unable to maintain himself by his own exertions and is in actual want; it is therefore ordered, adjudged, and decreed by the court that the said plaintiff, John A. Robinson, do have and recover of and from said defendants, Sallie McCreary and J. S. McCreary, the monthly sum of forty dollars from the 25th day of October, 1897, during the pendency of this suit, for his maintenance and support; and that such allowance be paid in manner following,—that is to say, the sum of one hundred and sixty dollars to be paid on the 25th day of February, 1898, and the sum of forty dollars on the 25th of each succeeding month thereafter, for which let execution issue. It is further ordered, adjudged, and decreed by the court, that said defendants, Sallie McCreary and J. S. McCreary, shall pay over to the clerk of this court the said sum of one hundred and sixty dollars when the same becomes due, and the further sum of forty dollars per month thereafter, as herein provided, for the use and benefit of plaintiff, and in the event said defendants shall fail to pay said sums of money hereinbefore adjudged or any part thereof, as the same becomes due, they and each of them shall be adjudged guilty of contempt of this, and may be proceeded against as in such cases made and provided, upon said facts being made to appear to this court by affidavit or otherwise.'

"Now, the Court of Civil Appeals of the Third Supreme Judicial District of Texas certifies to the Supreme Court of Texas for its determination the following question:

"Is the judgment appealed from such a final judgment as will support an appeal to this court?"

The petition sought two distinct recoveries: (1) that plaintiff be allowed a reasonable sum for his support and maintenance during the pendency of the suit, and (2) that on final hearing he have judgment establishing his rights under the will. The judgment in question as completely and finally disposed of the first claim by fixing the amount thereof and adjudging same in favor of plaintiff against defendants with an order of execution therefor, as do judgments for temporary alimony in divorce proceedings. The great weight of authority held these latter judgments "final," from which appeals may be prosecuted pending the suit for divorce. Hecht v. Hecht, 28 Ark., 92; Glenn v. Glenn, 44 Ark., 46; Lochnane v. Lochnane, 78 Ky., 467; Sharon v. Sharon, 67 Cal., 195; Webber v. Webber, 79 N. C., 573; Collins v. Collins, 71 N. Y., 269; Daniels v. Daniels, 9 Col., 133; In re Finkelstein (Mont.), 34 Pac. Rep., 847; State v. Second Dist. Ct. (Mont.), 36 Pac. Rep., 757. We therefore answer the question certified in the affirmative.