WILL OF McNAUGHTON: FRAME, Proponent and executor, Respondent, vs. PLUMB and others, by guardian *ad litem,* Appellants.

*January 8—March 10, 1908.*

*Appealable orders: Probate proceedings: Party aggrieved: Anticipated expenses: Guardian ad litem.*

1. An application, made during the pendency of a contest of the probate of a will, by the guardian *ad litem* of the contestants, for an allowance from the estate to procure attendance of wit-

nesses, being a separate and independent proceeding not necessarily related to the determination of the contest, an order entered thereon is final within the meaning of subd. 2, sec. 3069, Stats. (1898), authorizing an appeal from a final order affecting a substantial right made in special proceedings.

2. Where the contestants of a will obtained an order directing the proponent and special administrator to pay to their guardian *ad litem* funds of the estate to procure attendance of witnesses, the executor might have made himself a party to the proceedings by appearing and moving to vacate the order, but, not having been made a party, he may not assign error on appeal, although he is special administrator, proponent, and executor.

3. During the pendency of a contest of the probate of a will, where the same person was proponent, executor, and special administrator, application was made by the guardian *ad litem* of the contestants for an allowance from the estate to procure attendance of witnesses. An order to show cause why the special administrator and proponent should not be ordered to pay the expenses was directed to the proponent only and certain respondents. The special administrator and proponent was ordered to pay the allowance. *Held*, the special administrator not being a party to the proceedings, the proponent was the only person upon whom the order could operate and who was entitled to appeal.

4. In the absence of specific authority a court will not direct the payment from the estate of anticipated expenses of the contestants of the probate of a will.

5. An award of costs, authorized by sec. 4041, Stats. (1898), to be granted by county courts in contested matters, can only be made by judgment.

6. Sec. 2, ch. 267, Laws of 1907, amending sec. 4041a, Stats. (1898), does not authorize an allowance to a guardian *ad litem* of the contestants of a will from funds of the estate for anticipated expenses to procure attendance of witnesses.

APPEAL from an order of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

This is an appeal from an order dated May 11, 1907, directing the payment of the sum of $300 from the funds of the estate of the deceased to D. S. Tullar, as guardian *ad litem* for the contestants, who are minors, to procure the attendance of witnesses upon the trial of the contest of the will. From the order *Andrew J. Frame,* as executor and proponent, takes

this appeal.    The will was presented for probate in the
county court of Waukesha county and objections thereto
were filed on behalf of the minor heirs.    The will was ad-
mitted to probate and *A. J. Frame* was appointed executor.
Before he had taken possession of the estate and securities
an appeal was perfected from the county court to the circuit
court.    Thereupon the county court appointed *A. J. Frame*
as special administrator to hold the funds pending the litiga-
tion.    D. S. Tullar, as guardian *ad litem* for the minor heirs,
petitioned the circuit court for an order directing *A. J.
Frame,* as special administrator, to pay the sum of $300 with
which to procure the attendance of witnesses.    The parties to
the proceeding in the circuit court were *Andrew J. Frame,*
proponent, and the board of trustees of Carroll College, resid-
uary legatees under the will, and D. S. Tullar, as guardian
*ad litem* for the two minor heirs.    Frame was not mentioned in
the title as either executor or special administrator.    The
petition by Mr. Tullar does not state that *Frame* had been
appointed executor, but it does state that the moneys in said
estate of the deceased are in the possession and under the
control of *Andrew J. Frame,* who has been appointed and
who is now acting as special administrator of said property.
Upon this petition the circuit court issued an order returnable
on the 11th day of May, 1907, requiring the above-named
proponent and the other respondents in that court [the board
of trustees of Carroll College] to show cause before the court
on the 11th day of May, 1907, *why A. J. Frame, special
administrator* of the estate of said Elizabeth McNaughton
*and the proponent* of her alleged will, should not be ordered
to pay the guardian *ad litem* the sum of $300 with which to
procure the necessary witnesses on the part of the minor
contestants for use upon the trial of said action.    This order
to show cause was served upon Frame & Blackstone, attorneys
for said respondents.    In response to the order to show cause
Blackstone filed an affidavit stating that he was one of the at-

torneys for the proponent of the will and what he had dis-
covered with respect to the property of the minor contestants;
and further stating that Frame, *as proponent of the above-
mentioned will,* had no property of the deceased in his hands
or under his control, and that *Andrew J. Frame* had been
appointed and was acting as special administrator of said
estate under the direction and control of the county court.
Upon the hearing of the order to show cause on the 11th day
of May, 1907, the circuit court entered an order directing
*said Andrew J. Frame, proponent of said will and special ad-
ministrator* of the estate of Elizabeth McNaughton, deceased,
to pay over to D. S. Tullar, guardian *ad litem* for the minor
contestants, the sum of $300 of the moneys in his hands be-
longing to said estate for the use of said guardian *ad litem*
in procuring the attendance of witnesses on behalf of said
minor wards for the trial. From this order an appeal was
taken to this court by *A. J. Frame, as executor and proponent*
of said alleged will. *A. J. Frame, as special administrator,*
was not a party to the appeal from the county court to the
circuit court, and was not a party to the proceeding in which
the order was made and did not appear therein. On June
13, 1907, *Andrew J. Frame,* as proponent and executor of
said will, served notice of appeal to this court and gave a bond
to stay proceedings. The circuit court refused to stay said
proceeding, and upon application made to this court the late
chief justice entered an order for that purpose. The re-
spondents have moved to dismiss the appeal upon two
grounds: (1) The order appealed from is an intermediate
order and is not reviewable on appeal until after judgment.
(2) *Andrew J. Frame as proponent and executor* of the al-
leged will is not a proper party appellant.

For the appellants there was a brief by *Frame & Black-
stone,* attorneys, and *Charles Quarles,* counsel, and oral argu-
ment by *A. J. Frame.*

For the respondents there was a brief by *D. S. Tullar,* guardian *ad litem,* etc., and *E. Merton,* of counsel, and oral argument by *Mr. Tullar.*

The following opinion was filed January 28, 1908:

BASHFORD, J. The first question raised upon the motion to dismiss the appeal relates to the nature of the proceeding in which the order appealed from was entered. The contention upon the part of the respondents is that the order does not "determine the action and prevent a judgment from which an appeal might be taken," under subd. 1, sec. 3069, Stats. (1898); neither is it a "final order affecting a substantial right made in special proceedings," under the second subdivision of that section. It is clear that the order. does not come within the first subdivision of sec. 3069, and if appealable it must be upon the ground that the application for the payment of the suit money for the minor contestants out of the fund in litigation is a special proceeding. The application for this allowance did not necessarily relate to the determination of the contest of the probate of the will, but was a separate and independent proceeding to which the special administrator, if he was to be bound thereby, should have been made a party. The order entered upon this application made a final disposition of the proceeding, and it bears the same relation thereto that the final judgment does to an action. It was therefore a final order entered in a special proceeding within the rule of *Kingston v. Kingston,* 124 Wis. 263, 102 N. W. 577.

The second ground urged for dismissing the appeal is that *A. J. Frame* as proponent and executor of the will is not a party aggrieved. The executor might have made himself a party to the proceeding by appearing and moving to vacate the order after it was entered. *In re Butler's Will,* 110 Wis. 70, 85 N. W. 678. But, not having been made a party, he has no standing here to assign error. *Bank of Comm. v. Elliott,* 109 Wis. 648, 85 N. W. 417.

The situation is different with respect to the proponent of the will upon this record. Some confusion has perhaps arisen in the proceeding from the fact that the same person is the proponent of the will, the executor, and the special administrator. The order to show cause is directed to the proponent and respondents, the respondents being the proponent and the board of trustees of Carroll College. It requires them to show cause why *A. J. Frame,* special administrator of the estate of Elizabeth McNaughton and the proponent of her alleged will, should not be ordered to pay to the guardian *ad litem* $300 with which to procure the attendance of witnesses at the trial. The order finally issued recites that the preliminary order having been brought on for hearing, "requiring said *Andrew J. Frame* as special administrator of the estate . . . and the proponent of her said alleged will," etc., and directs "that said *Andrew J. Frame,* proponent of said will and special administrator of the estate of said Elizabeth McNaughton, deceased, forthwith pay over to D. S. Tullar, guardian *ad litem,* . . . the sum of $300 of the moneys in his hands belonging to the estate," etc. As already stated, *Andrew J. Frame* as special administrator was not a party to the proceeding, while *Andrew J. Frame* as proponent of the will was a party, and as such is required to make payment of this money. He is the only party upon whom the order can properly operate, and was therefore the adverse party on the record. "He was to all intents and purposes the defendant in the proceedings, regardless of the name by which such a party is commonly known." *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046. As the proponent was required to make payment of the money, he was certainly a party aggrieved by the order. The motion to dismiss the appeal must therefore be denied.

This appeal presents for the first time the question as to the power of the court under the statutes of this state to direct the payment of anticipated expenses of the trial to the adverse party out of the funds of the estate in a contest of the pro-

bate of a will. If such power exists it may be exercised not only by the court in which the contest arises, but also by any court to which it may be carried by appeal, and be exercised, too, upon a preliminary order and without investigation of the merits of the controversy. If any such power has been granted it should be exercised with great caution to prevent the estates of deceased persons from being squandered in fruitless litigation. For the court to allow or apportion costs in such case it is necessary to point to the specific provision of the statute giving authority. *In re Donges's Estate,* 103 Wis. 497, 513, 79 N. W. 786. We have been referred to no statute expressly conferring such power and we have been unable to find authority to justify the entry of this order. Sec. 4041, Stats. (1898), authorizes the county court to award costs in contested matters, to be paid out of the estate which is the subject of controversy as justice and equity may require, but such award can only be made by judgment. Sec. 4041*a* provides that, when a judgment is made upon a contested application for probate of a will, costs payable out of the estate should not be awarded to an unsuccessful contestant of the will, unless he is a special guardian for an infant or is named as an executor in a paper propounded by him in good faith as the last will of the deceased. This clearly contemplates that the allowance shall only be made at the time the judgment is directed or entered. This statute has received strict construction by the court, and in *Stephenson v. Norris,* 128 Wis. 242, 107 N. W. 343, it was held that an allowance for the services of the guardian *ad litem* should be made payable only out of the infant's property under the control of the court, and not out of the body of the estate subject to litigation. For the purpose, doubtless, of modifying the rule which had been stated in former decisions, and which was re-affirmed in the case last cited, sec. 4041*a* was amended by ch. 267, p. 596, Laws of 1907. Subd. 2 of sec. 4041*a* thus enacted provides that a guardian *ad litem* for

an infant who is a necessary party to a proceeding to probate or to construe a will or to settle an estate may be allowed compensation for his services and for his necessary expenditures in the litigation, to be fixed by the court in which the litigation is had, to be paid out of the body of the estate in controversy if the infant has no available property out of which such payment can be directed. Such allowance is to be made in the discretion of the court, as provided in the first subdivision of that section, and by judgment, as provided in sec. 4041. This amendment cannot be construed as authorizing an allowance before the services have been rendered or the expenditures have been made, as the court must determine the value of such services and the necessity for such expenditures. The order was therefore improperly granted.

*By the Court.*—A motion to dismiss the appeal is denied, and the order appealed from is reversed.

A motion by the respondents to modify the mandate was denied March 10, 1908.