CHIARA VALLUZZO *vs.* MICHELE VALLUZZO.

*Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, JS.

Certain supplemental proceedings following a final judgment and the rulings of the trial court thereon, such as the denial of a motion for alimony pending an appeal from a decree of divorce, may be so closely related to and within the scope of an appeal taken from the final judgment that they may be brought to this court for review by an amendment to such appeal, although, standing alone, they would not in themselves constitute appealable rulings; and in such cases, it is the duty of the trial court to make a finding of facts for the presentation of the errors alleged to have been committed.

Submitted on briefs June 2d—decided July 30th, 1925.

APPLICATION of the plaintiff to this court, for an order requiring the trial judge (*Hinman, J.*) to make and file a finding of facts. *Application granted.*

*Chester H. Brush,* for the plaintiff.

No counsel appeared for the defendant.

PER CURIAM. The defendant having obtained judgment for a divorce upon a cross-complaint, the plaintiff filed a notice of appeal and request for a finding of facts. Pending the filing of the finding, the plaintiff made application to the Superior Court for

---

* See the volume for the October Term, third district, 1925, for record.

an order directing the defendant to pay her a sum of money to enable her to prosecute the appeal and also alimony *pendente lite,* and thereafter appeared in court and was heard. The trial court, before the plaintiff filed her appeal from the judgment, denied the motions, and thereafter refused to make a finding of facts to enable her to prosecute an appeal from that ruling. The denial of her motions would not constitute such a final judgment as would of itself form the basis of an appeal. *Russell Lumber Co.* v. *Smith & Co., Inc.,* 82 Conn. 517, 74 Atl. 949. But supplemental proceedings sometimes follow upon a final judgment which may be brought within the scope of the appeal taken from it; thus, in *Coughlin* v. *McElroy,* 72 Conn. 444, 448, 44 Atl. 743, this court reviewed, on an appeal from a judgment in the case of a contested election, the order of the trial court directing that execution issue despite the taking of the appeal. The plaintiff is entitled to present here her claims as to the jurisdiction of the trial court to grant her the relief sought by her motions, and as to any errors it committed in denying them, which may be assigned in an amendment to the appeal already taken from the judgment of divorce.

It is ordered that within a reasonable time the trial judge who heard the motions for an allowance and alimony *pendente lite* make and file a finding of facts with reference thereto.