## MARJORIE B. HISS *v.* PHILIP H. HISS III

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 12, 1948—decided February 1, 1949

*J. Kenneth Bradley,* with whom was *William H. Makepeace,* for the plaintiff.

*Max Spelke,* with whom was *Frank Rich,* for the defendant.

MALTBIE, C. J.   In this action in equity brought by a wife separated from her husband for her support and that of the minor children of the parties, the plaintiff made a motion that the court order that she be furnished temporary support during the pendency of the action.   The trial court granted the motion and ordered the defendant to pay the plaintiff $600 a month. The defendant filed an appeal from the order.   The plaintiff now moves to have the appeal erased from the docket.   The question is: Was the order such a final judgment as to be the basis of an appeal?

We have never been called upon to consider that question.   The situation is analogous to that which obtains in divorce actions.   In *Morgan* v. *Morgan,* 103 Conn. 189, 197, 130 A. 254, we sustained the trial court in making an additional allowance to defend, but that ruling was a part of the judgment finally dismissing the complaint and cross-complaint in the action; 289 Rec. & Briefs 852; and it was properly assigned as error in the appeal from that judgment.   In *Valluzzo* v. *Valluzzo,* 103 Conn. 265, 130 A. 126, the court, after judgment upon the main issue was rendered, denied motions for an allowance to prosecute an appeal and for temporary alimony, and we said (p. 266) that the denial of the motions would not constitute such final judgments as would be the basis of an appeal, pointing out that the ruling of the court, though made after the judgment, might be brought within the scope of an appeal from it.   As appears from *Morgan* v. *Morgan,* supra, the court may, in the judgment finally disposing of the case, make an allowance to the wife for the expenses of the litigation, and consequently a denial of a motion for an allowance before trial may properly be

regarded as not finally disposing of the question; and we have no occasion now to consider whether a denial of alimony pendente lite before trial would present a like situation. In *Steinmann* v. *Steinmann,* 121 Conn. 498, 504, 186 A. 501, A–91 Rec. & Briefs, back of page 265, *Schilcher* v. *Schilcher,* 124 Conn. 445, 448, 200 A. 351, A–121 Rec. & Briefs 507, and *Dochelli* v. *Dochelli,* 125 Conn. 465, 3 A. 2d 666, A–128 Rec. & Briefs, back of page 68, after judgment was rendered motions were made for allowances for the expenses of appeal, alimony pendente lite or support of a minor child, and additional appeals from the rulings of the court on the motions were taken and considered by us; but in none of these cases were we called upon to consider the question whether such appeals were proper. In *LaBella* v. *LaBella,* 134 Conn. 312, 319, 57 A. 2d 627, A–239 Rec. & Briefs, back of page 303, similar motions were made after judgment upon the main issue, and the rulings of the trial court on them were included in the assignments of error. In *Bielan* v. *Bielan,* 135 Conn. 163, 165, 62 A. 2d 664, in a similar situation the plaintiff wife amended her appeal from the judgment finally disposing of the case to include the denial of the motions, and we pointed out that this was unnecessary and that all she needed to have done was to include the ruling in her assignments of error from that judgment. Where such motions are made after the judgment upon the main issue has been rendered, rulings upon them fall within the scope of the appeal from that judgment; simplicity and expedition justifies that procedure whether or not such rulings would themselves constitute final judgments which would be the basis of an appeal; and this method of bringing them before us for consideration is not of significance upon the issue now before us.

We have said that the test for determining whether

a judgment is final "lies, not in the nature of the judgment, but in its effect as concluding the rights of some or all of the parties; if such rights are concluded, so that further proceedings after the entry of the order or decree of the court cannot affect them, then the judgment is a final judgment." *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307, 142 A. 838; *Felletter* v. *Thompson,* 133 Conn. 277, 278, 50 A. 2d 81. Apt illustrations of the application of the test are orders made in receivership proceedings which, while not determinative of the action as a whole, conclude the rights of parties so that further proceedings in the case cannot affect them. *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, R. & N. E. R. Co.,* 69 Conn. 709, 714, 38 A. 792; *Barber* v. *International Co.,* 74 Conn. 652, 657, 51 A. 857; and cf. *More* v. *Western Connecticut Title & Mortgage Co.,* 129 Conn. 464, 467, 29 A. 2d 450. The purpose of an order that a husband make payments for the support of his wife pendente lite is to afford her a means of livelihood while she is living apart from him pending the determination of the question whether she has the right to separate maintenance; *Harding* v. *Harding,* 144 Ill. 588, 595, 32 N. E. 206; *Westerfield* v. *Westerfield,* 36 N. J. Eq. 195, 197; *Collins* v. *Collins,* 80 N. Y. 1, 12; as expressed in *Johnson* v. *Johnson,* (Tenn. Ch. App.) 49 S. W. 305, 307, such payments are "a fund for the current support of the wife." Even should judgment ultimately be rendered against her, the husband would have no right to be reimbursed. See *Lishey* v. *Lishey,* 74 Tenn. 418, 426. Our conclusion is that the order for the payment of support pendente lite in this case was a final judgment within the appeal statute. The power of the court to modify an order for the payment of temporary alimony would not destroy the right of appeal any more

than does the power of a court to open a judgment during the term prevent an appeal from it, unless such action is in fact taken. *Clover Farms, Inc.* v. *Kielwasser,* 134 Conn. 622, 59 A. 2d 550.

The conclusion that the order was a final judgment from which an appeal lies and the reasons we have given have direct support in the following cases: *Hecht* v. *Hecht,* 28 Ark. 92, 93; *Sharon* v. *Sharon,* 67 Cal. 185, 195, 7 P. 456, 635, 8 P. 709; *Daniels* v. *Daniels,* 8 Colo. 133, 139, 10 P. 657; *Lesh* v. *Lesh,* 21 App. D. C. 475, 484; *Blake* v. *Blake,* 80 Ill. 523, 525; *Sellers* v. *Sellers,* 141 Ind. 305, 306, 40 N. E. 699; *Lochnane* v. *Lochnane,* 78 Ky. 467, 468; *State ex rel. Gercke* v. *Seddon,* 93 Mo. 520, 523, 6 S. W. 342; *In re Finkelstein,* 13 Mont. 425, 427, 34 P. 847; *King* v. *King,* 38 Ohio St. 370, 371; *Brinkley* v. *Brinkley,* 50 N. Y. 184, 203; *Messervy* v. *Messervy,* 79 S. C. 58, 60 S. E. 692; *State* v. *Maxwell,* 89 W. Va. 31, 34, 108 S. E. 418; and see *Trustees* v. *Greenough,* 105 U. S. 527, 531, 26 L. Ed. 1157; *Frame* v. *Plumb,* 135 Wis. 24, 28, 114 N. W. 849; *McCreary* v. *Robinson,* 92 Tex. 408, 413, 49 S. W. 212. In the following cases appeals of this nature were considered without discussion as to their propriety: *Robertson* v. *Robertson,* 138 Minn. 290, 164 N. W. 980; *McFarland* v. *McFarland,* 64 Miss. 449, 1 So. 508; *Webber* v. *Webber,* 79 N. C. 572; *Smith* v. *Smith,* 51 S. C. 379, 29 S. E. 227; *Milliron* v. *Milliron,* 9 S. D. 181, 68 N. W. 286; *Robinson* v. *Robinson,* 87 Wash. 520, 151 P. 1128. We have found only two cases which hold that an appeal does not lie. In *Brady* v. *Brady,* 144 Ala. 414, 419, 39 So. 237, the right to appeal was denied without discussion in the opinion; in *Call* v. *Call,* 65 Me. 407, 409, the decision was placed upon the ground that the delay caused by the appeal might leave the wife without means of livelihood and so an

appeal could not have been intended by the legislature; but over against such a possible result must be set the fact that, unless an appeal is allowable, a defendant may be compelled to make payments entirely unjustified in law, and, as between those opposing considerations, it would be for the General Assembly, if it saw fit to do so, to make an exception from the general provisions of the law as to appeals.

The plaintiff refers to our decision in *Olcott* v. *Pendleton*, 128 Conn. 292, 295, 22 A. 2d 633. In our opinion in that case we had held (p. 294) that an order dissolving a temporary injunction was not a final judgment from which an appeal would lie; we then turned (p. 294) to a consideration of a claim that, even though that was so, an appeal would lie if the dissolution would cause irreparable damage; and we pointed out (p. 295) that, unless the order of dissolution was final, there was no provision in our procedure by which the facts necessary for a review of the order could be presented to us. Where an order in the nature of a final judgment is made in the progress of a case, the rules concerning the making of a finding are applicable. See *Enfield* v. *Hamilton*, 110 Conn. 319, 148 A. 353; 363 Rec. & Briefs, back of p. 221; *Valluzzo* v. *Valluzzo*, 103 Conn. 265, 266, 130 A. 126; *Young* v. *Polish Loan & Industrial Corporation*, 126 Conn. 714, 715, 11 A. 2d 395.

It is not necessary, to afford the basis of an appeal from judgments rendered in the course of an action, that there be a formal judgment file, and if an order of the court so made constitutes a final adjudication of the rights of a party an appeal may be taken from it. Conn. App. Proc. § 5.

The motions to erase the appeal from the docket and for an order that the clerk prepare a judgment file are both denied.

In this opinion the other judges concurred except DICKENSON, J., who, by agreement of counsel, took no part in the decision.