Norman W. Zaubler *v.* The West View Hills, Inc., et al.

Baldwin, C. J., King, Murphy, Shea and Bordon, Js.

Argued June 14—decided July 5, 1961

*F. Timothy McNamara,* for the appellants (named defendant et al.).

*John D. LaBelle.* for the appellee (plaintiff).

KING, J. The plaintiff, a resident of Connecticut, and the defendants Louis A. Brown and David L. Graff, both residents of New York, carried on a residential construction business through three corporations.

The named defendant, hereinafter referred to as West View, was a Connecticut corporation engaged in building one-story houses, principally in Wallingford, Connecticut. It ceased operations in 1952. The plaintiff and the defendants Brown and Graff each owned one-third of the stock of West View and were its only directors. The plaintiff was its president, and Brown and Graff were, respectively, secretary and treasurer. West View did no business in New York.

Lizau Realty Corporation, hereinafter referred to as Lizau, was a New York corporation engaged in building an apartment house in Forest Hills, New York. The stockholders, directors and officers were the same as those of West View. Lizau did no business in Connecticut.

The plaintiff was president, and the defendant Brown was secretary and treasurer, of B & Z Contracting Corporation, which was the general contractor for West View and Lizau. The stock ownership, the directors and the state of incorporation of B & Z are not disclosed in the finding. The plaintiff generally supervised the operations of West View and B & Z. He had nothing to do with the books of Lizau or West View, which were in the charge and possession of the defendant Brown, who made the entries when charges were allocated to the various corporations.

On October 22, 1956, the plaintiff sold all of his stock in B & Z and Lizau to the defendants Brown and Graff but retained ownership of one-third of the stock of West View. In June, 1957, as president of West View, the plaintiff caused West View to institute an action in New York against Lizau, Brown and Graff alleging a fraudulent diversion of assets from West View. After the institution of

the New York action, the plaintiff was removed as president and director of West View by Brown and Graff, who constituted a majority of the board of directors of West View and, after the plaintiff's removal, all of its directors. Brown and Graff then threatened to have West View withdraw the New York action. The plaintiff instituted the present action in Connecticut and, pursuant to a stipulation of the parties, was granted a temporary injunction restraining the withdrawal of the New York action until it was determined therein whether the president of a corporation, without authority of the board of directors or stockholders, could validly cause the corporation to institute such an action. It was ultimately held by the New York Court of Appeals that the plaintiff, as president of West View, did have "presumptive authority" to cause West View to institute such an action where there was no contrary provision in the bylaws and no prohibitory action by the board of directors. *West View Hills, Inc.* v. *Lizau Realty Corporation,* 6 N.Y.2d 344, 348, 160 N.E.2d 622. The Court of Appeals of New York was not asked to, and of course did not, pass on the question of the power of a majority of the stockholders and the board of directors to withdraw such an action after the president, who caused it to be instituted, had been removed as an officer and director. That question remains.

The plaintiff sought, in the present action, a permanent injunction to prevent the withdrawal of the New York action. The defendants admit that they will withdraw that action unless they are enjoined from so doing. Thus any attempt at persuasion, whether addressed to the individual defendants as officers or as directors or as stockholders, would be useless. The Court of Common

Pleas, after a full trial, issued an injunction against any interference with West View's prosecution of the New York action, except that all defenses available in that action could be made therein. From that judgment this appeal is taken.

The defendants, in their brief, claim that the injunction amounts to interference by equity with the internal management of West View and that the interference was unwarranted since it had the effect of allowing a derivative stockholders' suit when there was no showing of the facts necessary to sustain such a suit under the rule of cases such as *Hawes* v. *Oakland,* 104 U.S. 450, 460, 26 L. Ed. 827. 13 Am. Jur. 504-510; see *Van Tassel* v. *Spring Perch Co.,* 113 Conn. 636, 646, 155 A. 832. The New York Court of Appeals held that (1) the New York action was not a derivative stockholders' suit, and (2) West View was not prevented "from commencing an action in its own behalf simply because a majority of its board of directors are in a position to withhold authorization." *West View Hills, Inc.* v. *Lizau Realty Corporation,* supra, 347. If this quoted portion of the Court of Appeals opinion is to have any real effect, then West View must have the power to continue the New York action which it has already legally commenced. The basic vice in the defendants' reasoning is in overlooking the fact that the present action is not the ordinary suit attempting, through judicial proceedings, to interfere with, or control, the discretionary internal management of a corporation. 4 Pomeroy, Equity Jurisprudence (5th Ed.) § 1095a; 13 Am. Jur. 507, § 461. The injunction is of limited scope. It does not prevent the orderly adjudication of West View's claims in New York. It merely attempts to ensure it. The defendants here have interposed nine de-

fenses in the New York action. The injunction leaves them free to pursue any or all of them. The only effect of the injunction is to prevent the defendants from destroying West View's right to pursue to judgment an action against them which the Court of Appeals of New York has held West View had a right to institute. Obviously, West View's right to institute an action is of little efficacy or value if the trial of the action can thus be thwarted.

A consideration fatal to the defendants' claim is the fact that the individual defendants, in their capacity as directors of West View, are assuming to withdraw an action against themselves and a corporation of which they apparently are the sole stockholders. The conflict of interests is obvious. Their objection to an injunction restraining such action on their part under the claim that the injunction constitutes an unreasonable interference with the internal management of West View is without merit. *Hawes* v. *Oakland,* supra. Such interference is warranted, if not required, where, as here, the directors "stand in a dual relation which prevents an unprejudiced exercise of judgment." 13 Am. Jur. 507, § 461; 4 Pomeroy, op. cit. § 1095a. The burden of proving good faith in the proposed withdrawal of the New York action rested on the defendant directors. The conflict of interests absolved the plaintiff from proving bad faith on their part. *Klopot* v. *Northrup,* 131 Conn. 14, 20, 37 A.2d 700. The burden was in nowise sustained. Indeed, the defendant directors made no effort to justify their proposed withdrawal of West View's action. As far as appears, individual self-interest was and is the sole motivation of the proposed withdrawal. The plaintiff is not in any ordinary sense interfering with internal corporate management. Rather, he

is attempting to block the defendant directors, acting in a situation of gross and obvious conflict of interests, from nullifying West View's right to pursue its New York action against them as established by New York's court of last resort. 4 Pomeroy, op. cit. §§ 1094, 1095. It would indeed be a strange rule of equity which would permit these directors to avoid all liability, regardless of the merit of West View's claims, by the simple expedient of utilizing their power as directors to withdraw West View's suit against themselves.

The defendants also claim that the plaintiff failed to establish either the strength of the New York cause of action or harm to himself from a withdrawal of the New York suit. This again ignores the unusual and indisputable impropriety of the defendants' proposed withdrawal of a suit against themselves. A court of equity has a wide discretion in the granting of equitable remedies. *Van Tassel* v. *Spring Perch Co.,* 113 Conn. 636, 646, 155 A. 832. Whether the Court of Common Pleas could have properly refused to grant the injunction, or might have required further proof of the strength of West View's New York action, is not the real question before us. That question is whether the court, in issuing this very limited injunction, amounting to little more than the maintainance of West View's rights as determined by the Court of Appeals, so abused its equitable discretion as to constitute reversible error. *H. O. Canfield Co.* v. *United Construction Workers,* 136 Conn. 293, 299, 70 A.2d 547. Quite clearly, under the peculiar circumstances of this case, the court was fully warranted in granting the injunction.

The unattacked finding of the court is that the defendants will be able to withdraw the New York

action unless restrained in this action. This disposes of any claim that the plaintiff has other adequate remedy, in New York or elsewhere.

The defendants complain of a single ruling on evidence, during the cross-examination of the plaintiff, in which he was asked whether, if West View improperly paid B & Z $200,000 for the benefit of Lizau, his profit or loss, as a one-third stockholder in each corporation at that time, would balance out so that he would not actually sustain any personal loss. An objection was sustained. The question may well have been permissible cross-examination. But the real question before the court was the plaintiff's right to the injunctive relief necessary to enable West View to pursue its properly instituted New York action. The one-third stock ownership of the plaintiff in West View was a sufficient interest to enable him to maintain the present action, under the peculiar circumstances of the case. The corporate veil could not be brushed aside for the purpose of showing that in fact intercorporate misappropriations of the defendant directors had probably not caused the plaintiff any individual financial loss. *Hoffman Wall Paper Co.* v. *Hartford,* 114 Conn. 531, 535, 159 A. 346. The rights of West View, as a corporation, were a proper subject of equitable protection, and, when no one else moved to protect them, the plaintiff did not lack the requisite interest to invoke the protection. A basically similar claim was rejected in *State* v. *Harris,* 147 Conn. 589, 593, 164 A.2d 399. The exclusion of the question did not constitute reversible error.

There is no error.

In this opinion the other judges concurred.