PENDIMAN CORPORATION ET AL. *v.* WHITE OAK
CORPORATION ET AL.
(12471)
(12472)

PETERS, C. J., PARSKEY, SHEA, DANNEHY and SCHALLER, Js.

Argued January 16—decision released March 5, 1985

*C. Michael Budlong,* with whom was *Terence S. Ward,* for the appellant (plaintiff Pendiman Corporation).

*Francis J. Brady,* for the appellants (defendants Roger L. Toffolon and Paul A. Mayotte).

*Janet C. Hall,* with whom were *Steven R. Humphrey, James H. Carter* and, on the brief, *Thomas A. Young,* for the appellee (plaintiff Penley B. Toffolon).

PETERS, C. J. These appeals, like those involved in *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 488 A.2d 444 (1985), arise out of disputes about the corporate governance of a number of interrelated family-owned corporations. As in the companion cases, the dispositive issue before us is whether the order of the trial court constituted an appealable final judgment. Because we hold that there has as yet been no final judgment, the appeals must be dismissed.

The underlying litigation was initiated by a complaint of the plaintiffs, Pendiman Corporation and Penley B. Toffolon, alleging that the defendants, White Oak Corporation, Roger L. Toffolon and Paul A. Mayotte, have improperly interfered with the business activities and the corporate management of the plaintiff corporation. The trial court granted the plaintiffs' application for a temporary injunction to restrain the defendants from engaging in specified conduct detrimental to the daily operations of the plaintiff corporation. The temporary order also included provisions concerning the payment by the plaintiff corporation of certain attorneys' fees incurred by the plaintiffs. These appeals concern only the order for attorneys' fees.

The attorneys' fees that are at issue arose primarily in connection with the prosecution of the present lawsuit. The plaintiff Penley B. Toffolon retained the law firms of Sullivan & Cromwell and Levett, Rockwood & Sanders to represent herself and the plaintiff corporation. At that time, Penley B. Toffolon, the daughter of John E. Toffolon, Sr., owned forty-five percent of the shares of Pendiman Corporation and was its president. Diane Toffolon, the daughter of the defendant Roger L. Toffolon, also owned forty-five percent of the shares, and was its vice president. The remaining ten percent of the shares was owned by Manuel Alvarez. During the time that the trial court was conducting hearings on the plaintiffs' application for a temporary injunction, the

defendant Roger L. Toffolon bought Alvarez' ten percent interest in the plaintiff corporation. As a result of this purchase, the Roger L. Toffolon family gained a controlling interest in the plaintiff corporation. At a subsequent shareholders' meeting, a majority of the shareholders disapproved payment of the bills for attorneys' fees from Sullivan & Cromwell. Although Penley B. Toffolon was reelected president of the plaintiff corporation, the directors authorized the engagement of new counsel, C. Michael Budlong, to represent the plaintiff corporation.

In response to the actions of the directors concerning the payment of attorneys' fees, the plaintiff Penley B. Toffolon, "individually and in her capacity as President, a director, and owner of 45% of the shares of Pendiman Corporation," moved for a judicial order "[a]pproving the payment of the attorney's fees incurred by Pendiman." The trial court addressed this motion as part of its order granting the plaintiffs a temporary injunction.[1] In paragraph 16 of the order, the trial court stated: "It is further ordered that payment by Pendiman Corporation to Sullivan and Cromwell and Levett, Rockwood and Sanders of bills for legal services as approved by the president of Pendiman Corporation be made in the regular course of business." Two appeals have been taken from this order, one by the defendants Roger L. Toffolon and Paul A. Mayotte (No. 12471) and the other by the plaintiff corporation (No. 12472).

All of the litigants recognize that we have no appellate jurisdiction, except in special circumstances not

---

[1] In its consideration of the plaintiffs' motion for an order concerning attorneys' fees, the trial court relied on written memoranda submitted by the parties rather than on a hearing specifically addressed to this issue. The appellants at oral argument expressly conceded that they were raising no due process claim about the procedural manner in which this issue was addressed. Their challenge is confined to the merits of the trial court's order.

here relevant, over the granting or the denial of a temporary injunction.[2] This case is different, according to the appellants, because, as a part of otherwise interlocutory pendente lite rulings, the trial court has entered an order that constitutes a final judgment because it compels the present payment of the amount billed by the two law firms. This case, the appellants argue, is analogous to *Hiss* v. *Hiss,* 135 Conn. 333, 336, 64 A.2d 173 (1949), in which we permitted an immediate appeal from a pendente lite order of temporary support in the context of a marital dissolution. As in *Hiss* v. *Hiss,* the appellants claim that they are faced with a conclusive adjudication of an obligation to make payments that cannot be affected by further proceedings between the parties. We disagree.

We need not reach the disputed question whether a definitive award of attorneys' fees pendente lite in a proceeding other than a marital dissolution is so severable from the underlying litigation that an immediate appeal of such an interlocutory award is appropriate. See *In re Juvenile Appeal (85–AB),* 195 Conn. 303, 307, 488 A.2d 778 (1985); *State* v. *Parker,* 194 Conn. 650, 653–54, 485 A.2d 139 (1984). In this case, we are persuaded by the appellee's contention that the trial court's order is not a conclusive adjudication and does not irreversibly require payments by the Pendiman Corporation. As a temporary order susceptible to further judicial review, its merits must await final resolution of the plaintiffs' complaint and the defendants' counterclaim.

There are a number of reasons why the order concerning payment of attorneys' fees was not a final

[2] When these appeals were first filed, Penley B. Toffolon, as plaintiff-appellee, moved that they be dismissed. We denied that motion without prejudice to its renewal at this time.

order. First, the pleadings were not closed when the trial court held the hearing concerning the temporary injunction or when its order was issued.[3] See *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 488 A.2d 444 (1985). Second, the court's order is part of a larger order that the trial court denominated as a temporary injunction. Third, and most important, the terms of the court's order on attorneys' fees indicate its lack of finality.

The terms of the trial court's order are significant because the court did not order Pendiman Corporation to pay the amount billed by the two law firms whom the plaintiffs had consulted. Instead, it ordered payment for legal services "as approved by the president of Pendiman Corporation . . . in the regular course of business." Under *Zaubler* v. *West View Hills, Inc.,* 148 Conn. 540, 544–45, 172 A.2d 604 (1961), the trial court had the authority to issue an injunction to prevent the appellants from destroying Pendiman's cause of action against them, and in that context, the court could properly empower the plaintiff Penley B. Toffolon, as president of the plaintiff corporation, to act on the payment of bills necessary to the prosecution of that cause of action.

Such an order does not constitute a final award of a monetary sum definitively payable by Pendiman Corporation. The appellants are by no means remediless if Penley B. Toffolon decides to accept and to pay the attorneys' fees as billed. The appellants can challenge the propriety of her decision as not being in the regular course of business if they can persuade the trial court that the bills are inappropriate in the amounts charged or if the bills represent services for which the

---

[3] As in *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 488 A.2d 444 (1985), the plaintiffs had not yet answered the defendants' counterclaim.

plaintiff corporation is not properly chargeable.[4] As counsel for the appellee conceded at oral argument in this court, the issue of the legitimacy of the bills is not foreclosed by the present order of the trial court. This order is, like other aspects of the injunction, a temporary order only. Such orders do not constitute final judgments.

The appeals are dismissed.

In this opinion the other judges concurred.

---

[4] *Zaubler* v. *West View Hills, Inc.*, 148 Conn. 540, 544–45, 172 A.2d 604 (1961), authorizes the trial court to issue such an injunction despite the action of the majority of the Pendiman shareholders disapproving payment of attorneys' fees for the legal services previously rendered by Sullivan & Cromwell. The court's injunction was therefore not limited to legal services that might be rendered subsequent to its order.