[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs move for partial summary judgment on the third count of a nine count complaint brought against nine defendants. The first named defendant is a nonstock tax exempt corporation created pursuant to General Statutes § 33-1000, et seq., to establish and maintain health care services for Winchester and surrounding communities. In the third count, the plaintiffs seek an order removing defendants Michelle Martin, Blanche McCarthy-Sewell, Michael Tinkler and Robert Ellsworth as corporators or trustees of the defendant Winsted Health Care Foundation (foundation). The plaintiffs argue that the bylaws of the foundation do not authorize these individuals to act as its corporators or trustees because they reside outside the towns served by the defendant foundation.
In support of their motion the plaintiffs set forth the following facts as undisputed. The towns served by the foundation are Winchester, Barkhamsted, Colebrook, Hartland, New Hartford and Norfolk, Connecticut, and Sandisfield and Tolland of the Commonwealth of Massachusetts. The above mentioned individual defendants do not reside in any of those towns. The plaintiffs argue that based on these facts, and the fact that under the bylaws the individual defendants are not "community representatives," they are entitled to summary judgment on this count.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17 49; Appleton v. Board ofEducation, 254 Conn. 205, 209 (2000); Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 297 (2000); Miles v. Foley, 253 Conn. 381, 385 (2000). A "material" fact is one which will make a difference in the outcome of the case. Morasciniv. Commissioner of Public Safety, 236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. CT Page 15661Michaud v. Gurney, 168 Conn. 431, 433 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Wilson v.New Haven, 213 Conn. 277, 279 (1989); Mac's Car City, Inc. v. AmericanNational Bank, 205 Conn. 255, 261 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Sherwood v. Danbury Hospital,252 Conn. 193, 201 (2000).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such a disputed issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) Home InsuranceCo. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
The defendants respond on several fronts. First, they argue that the plaintiffs have failed to comply with General Statutes § 33-1038 (c) in not naming all persons affected by this action as parties. Second, they claim that the plaintiffs have misread the bylaws to include a residency requirement. Third, they argue that the plaintiffs have not met their burden to obtain the injunctive relief they are seeking. Finally, they argue that the plaintiffs have not met the requirements under P.B. § 17-55 to maintain a declaratory judgment action. Because the court agrees with the defendants on the first two grounds, it does not address the remaining.
Under General Statutes § 33-1038 (c),
 (c) In a member's or director's proceeding under subdivision (1) of subsection (b) of this section to enjoin an unauthorized corporate act, the court may enjoin or set aside the act, if equitable and if all affected persons are parties to the proceeding, and may award damages for loss, other than anticipated profits, suffered by the corporation or another party because of the enjoining of the unauthorized act.
(Emphasis added). CT Page 15662
The defendants state that there are sixty two other corporators of the defendant foundation who are not named as parties in this action. Under the foundation's bylaws, the corporators, who must be no less than fifty in number, have a number of duties and rights including selecting a slate of corporators for election. Thus, the remaining corporators are clearly affected persons and should be named as parties to this action.
Further, the plaintiffs' argument that the bylaws require that the corporators be residents of the service area towns is not supported by the language of the bylaws. The bylaws define corporators as "community representatives who adhere to the principles of local control over the community's health care services, to the providing of health care services in the community, and the restoration of an acute care hospital with in-patient beds." (ByLaws of the Winsted Health Center Foundation, Inc. December 1999, Art. 1.4). No where in the bylaws is community representative defined as a resident of one of the area service towns. Without clear language in the bylaws disqualifying these individual defendants as corporators or trustees, the court will not impose such as requirement. Cf. Zaubler v. West View Hills, Inc., 148 Conn. 540, 544
(1961).
For the foregoing reasons, the motion for summary judgment is denied.
 ___________________ DiPentima, J.
CT Page 15663